**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

LUCASYS INC.,

                    *Plaintiff*,

POWERPLAN, INC.,

                    *Defendant*.

Civil Action No.:  1:20-CV-2987

**JURY TRIAL DEMANDED**

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.     Description of Case:**

a.  Describe briefly the nature of this action.

**Plaintiff Lucasys Inc. ("Lucasys") filed this antitrust lawsuit (along with Georgia state law claims) seeking damages in connection with Lucasys' alleged losses resulting from PowerPlan, Inc.'s ("PowerPlan") unlawful business practices.**

b.  Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**As to Plaintiff:**

Defendant PowerPlan has a 99% share in the market for utility management software for investor-owned rate-regulated utilities. Substantially all such utilities

require such software to track their costs, assets, taxes, and other data that is critical for their operations, accounting, compliance, taxes, and, ultimately, to determine the rates the utility may charge to ratepayers. PowerPlan has dominated this market since launching its once-state-of-the-art software in 1994, and it has no meaningful competition since it acquired its only competitor in 2008. Its legacy software framework is largely unchanged over many years, but it continues to dominate the market because the extreme switching costs, among other factors, effectively lock-in utility customers.

PowerPlan also sells the same core legacy utility management software it built in 1994 to rate-regulated utilities today. Its software is expensive, inflexible, unnecessarily complicated, and because it does not adapt to the changing requirements of rate-regulated utilities, it can no longer perform some functions for which a rate-regulated utility needs software in the first place. Given a niche customer base that is locked in by extreme switching costs, PowerPlan has largely been insulated from competition.

Utilities regularly pay six- to seven-figure data consulting costs every three to five years just to make their data in PowerPlan useable, and then they use it outside of PowerPlan to perform these basic but fundamentally important functions. But when data consulting firms sought to provide longer-term technological solutions

for their PowerPlan customers, PowerPlan saw them as budding threats. It then used its monopoly power to try to exclude them from the market, selectively claiming the exclusive right to utilities' data, making sham legal threats, and ultimately coercing its locked-in utility customers not to do business with those potential competitors.

Lucasys is one such nascent competitor. It is a tax consulting and software development company established in 2018 to provide deferred tax solutions for rate-regulated utilities. Lucasys alleges that PowerPlan coerced multiple customers to terminate or reduce the scope of their contracts with Lucasys (by creating confusion around what would be a protectable trade secret), which is crippling Lucasys' ability to develop modern and comprehensive solutions to its customers' PowerPlan-induced problems.

Lucasys claims that PowerPlan excludes competitors from the market by a series of actions that amount to tying, exclusive dealing, and refusal to supply. Lucasys alleges that this conduct violates Section 2 of the Sherman Act. Lucasys also alleges that PowerPlan coerced the agreement of customers, violating Section 1 of the Sherman Act. Lucasys also has claims under various state laws.

Lucasys seeks trebled damages of at least $47 million and other relief.

**<u>As to Defendant</u>**:

PowerPlan licenses management software to investor-owned rate-regulated utilities and others, which allows its customers to efficiently process and analyze data for operational, accounting, regulatory, tax and other purposes. Lucasys— founded in 2018 by former PowerPlan employees—is a tax consulting and software development company. Lucasys admits that it does not have a product that competes with PowerPlan's comprehensive software solution for investor-owned rate-regulated utilities. Rather, Lucasys provides utilities with consulting services to perform processes that it claims PowerPlan's software cannot.

As is typical with software licenses, the licenses between PowerPlan and its customers provide protections for PowerPlan's proprietary and confidential information and other intellectual property. Similarly, the employment agreements between PowerPlan and its employees (including the employment agreements that bind the founders of Lucasys) contain protections for PowerPlan's proprietary and confidential information and other intellectual property.

In the fall of 2019, PowerPlan became aware that its former employees had formed Lucasys and became concerned about the potential misuse of PowerPlan's confidential and trade secret information. On October 30, 2019, PowerPlan sent a letter to Lucasys and to PowerPlan's former employees at Lucasys regarding the

obligations to protect and not misuse PowerPlan's trade secrets and confidential information. PowerPlan also communicated with some PowerPlan customers to remind them of their obligations under their existing license agreements with PowerPlan not to allow third parties to reverse engineer or otherwise misappropriate PowerPlan's confidential information to create competing software products.

PowerPlan's conduct was a legitimate and lawful attempt to protect its confidential and trade secret information from misappropriation by former employees. PowerPlan has never "coerced" the agreement of any customer to foreclose Lucasys from any market. Nor is Lucasys prevented by PowerPlan from competing in any market that PowerPlan serves. Lucasys has no lawful right to any unfair and unlawful advantage by misappropriating PowerPlan's trade secret and confidential information. As shown in PowerPlan's motion to dismiss, Lucasys has not suffered any antitrust injury as a result of any of Power Plan's conduct, has no standing to assert the antitrust claims being made, and has no valid claim for tortious interference under Georgia state law.

     c. The legal issues to be tried are as follows:

    **1. Whether PowerPlan violated 15 U.S.C. § 2 (Negative Tying).**

    **2. Whether PowerPlan violated 15 U.S.C. § 2 (Refusal to Supply).**

    **3. Whether PowerPlan violated 15 U.S.C. § 1 (Negative Tying).**

4.  **Whether PowerPlan violated 15 U.S.C. § 1 (Concerted Refusal to Deal).**

5.  **Whether PowerPlan violated 15 U.S.C. § 1 (Exclusive Dealing).**

6.  **Whether PowerPlan violated O.C.G.A. § 10-1-373.**

7.  **Whether PowerPlan tortuously interfered with Lucasys' contracts under Georgia law.**

8.  **Whether PowerPlan maliciously interfered with Lucasys' business relations under Georgia law.**

9.  **Whether PowerPlan is liable for defamation per se under Georgia law.**

10. **Whether PowerPlan is liable for defamation under Georgia law.**

d.  The cases listed below (include both style and action number) are:

1.  Pending Related Cases: **None.**

2.  Previously Adjudicated Related Cases: **None.**

**2.     This case is complex because it possesses one or more of the features listed below (please check):**

\_\_\_\_\_(1)    Unusually large number of parties
\_\_\_\_\_(2)    Unusually large number of claims or defenses
\_\_x\_\_(3)    Factual issues are exceptionally complex
\_\_x\_\_(4)    Greater than normal volume of evidence
\_\_\_\_\_(5)    Extended discovery period is needed
\_\_\_\_\_(6)    Problems locating or preserving evidence

_____(7)     Pending parallel investigations or action by government
__x__(8)     Multiple use of experts
_____(9)     Need for discovery outside United States boundaries
__x__(10)    Existence of highly technical issues and proof
_____(11)    Unusually complex discovery of electronically stored information

3.      **Counsel:**

The following individually-named attorneys are hereby designated as lead

counsel for the parties:

**For Plaintiff:**

      **Jason S. Alloy**
      **Robbins Ross Alloy Belinfante Littlefield LLC**
      **500 14th St. NW**
      **Atlanta, GA  30318**
      **Telephone:  (678) 701-9381**
      **Email:  jalloy@robbinsfirm.com**

**For Defendant:**

      **Damond R. Mace (admitted pro hac vice)**
      **SQUIRE PATTON BOGGS (US) LLP**
      **4900 Key Tower**
      **127 Public Square**
      **Cleveland, Ohio 44114**
      **Telephone:  (216) 479-8500**
      **Email:  Damond.mace@squirepb.com**

4.      **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____ Yes    __X__ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.    **Parties to This Action:**

    a.  The following persons are necessary parties who have not been joined: **None.**

    b.  The following persons are improperly joined as parties: **None.**

    c.  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **None.**

    d.  The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.    **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

    a. List separately any amendments to the pleadings that the parties anticipate will be necessary: **None.**

    b. Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

    a. *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

    b. *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

    c. *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

    d. *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.**      **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P 26(a)(1). If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

**9.**      **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**None of the parties request a scheduling conference with the Court at this time.**

**10.**      **Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight

months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**As to Plaintiff:**

**Plaintiff will seek discovery of all issues that are the subject matter of this litigation. Plaintiff may seek discovery of any electronically stored information from Defendant relating to the subject matter of this litigation.**

**As to Defendant:**

**Defendant will seek discovery of all issues that are the subject matter of this litigation.  Defendant may seek discovery of any electronically stored information from Plaintiff relating to the subject matter of this litigation.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties intend to confer on a proposed case management scheduling order, and to submit the same for the Court's approval related to fact and expert discovery.**

11.    **Discovery    Limitation    and    Discovery    of    Electronically    Stored Information:**

      a.  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None currently anticipated.**

      b.  Is any party seeking discovery of electronically stored information?

  X  Yes       No at this time.

If "yes,"

      1.  The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties discussed production of ESI, and agree that both parties are in possession of certain ESI that will be subject to production. The parties discussed the possible methods and mode of production and agreed that different forms of ESI may be appropriate for different types of ESI, but that**

12

**specific formats could not be determined until the parties were closer to determining what the scope of the ESI production would be. The parties intend to confer regarding a joint ESI agreement, and to submit the same for the Court's approval.**

   2. The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**See above.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.**  **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)? **The parties are conferring, and intend to file a joint motion for a protective order because some of the documents and information at issue are trade secrets, confidential, proprietary, and otherwise not appropriate for general public disclosure.**

**Settlement Potential:**

a.  Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on October 7, 2020, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

| | |
|---|---|
| For Plaintiff: (signature): | */s/ Aaron R. Gott (admitted pro hac vice)* |
| Other Participants: Jon Cieslak (admitted pro hac vice) and Joseph H. Saul | |
| For Defendant: (signature): | */s/ Damond R. Mace (admitted pro hac vice* |
| Other Participants: Stephen M. Fazio | |

b.  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(   ) A possibility of settlement before discovery.

( X ) A possibility of settlement after discovery.

(   ) A possibility of settlement, but a conference with the judge is needed.

(   ) No possibility of settlement.

c.  Counsel ( **X** ) do or (   ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is:

**Unknown at this time.**

d.  The following specific problems have created a hindrance to settlement of this case.

**None at this time.**

**13.  Trial by Magistrate Judge:**

<u>Note</u>: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

a.  The parties ( \_\_\_ ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this \_\_\_ day of _____, 2020.

b.  The parties ( **X** ) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted, this 13th day of October, 2020.

*/s/ Jason S. Alloy*
Richard L. Robbins
Georgia Bar No. 608030

rrobbins@robbinsfirm.com
Jason Alloy
Georgia Bar No. 013188
jalloy@robbinsfirm.com
Joseph Saul
Georgia Bar No. 432592
jsaul@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, NW
Atlanta, GA 30318
Telephone:   (678) 701-9381
Facsimile:    (404) 856-3250

By: */s/ Aaron R. Gott*
Aaron Gott (admitted pro hac vice)
aaron.gott@bonalawpc.com
BONA LAW PC
15 South 9th Street, Suite 239
Minneapolis, MN 55402
Telephone:   (612) 284-5001
—
Jarod Bona (admitted pro hac vice)
jarod.bona@bonalawpc.com
Jon Cieslak (admitting pro hac vice)
jon.cieslak@bonalawpc.com
BONA LAW PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
Telephone:   (858) 964-4589
Facsimile:    (858) 964-2301
—
*Counsel for Plaintiff Lucasys Inc.*


*/s/ Petrina A. McDaniel (w/ Permission)*
Petrina A. McDaniel
Georgia Bar No. 141301

16

Petrina.mcdaniel@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
1230 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309
Telephone:  (678) 272-3200
Facsimile:  (678) 272-3211

Damond R. Mace (admitted *pro hac vice*)
Damond.mace@squirepb.com
Stephen M. Fazio (admitted *pro hac vice*)
Stephen.fazio@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Telephone:  (216) 479-8500
Facsimile:  (216) 479-8750

*Attorneys for Defendant PowerPlan, Inc.*

17

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2020.

_____
HONORABLE AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the within and foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system, which automatically send counsel of record e-mail notification of such filing.

This 13th day of October, 2020.


*/s/ Jason S. Alloy*
Jason S. Alloy