## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LUCASYS INC. | |
|       Plaintiff, | Case No. 1:20-CV-2987 |
|       v. | Judge Amy M. Totenberg |
| POWERPLAN, INC., | |
|       Defendant. | |

## STIPULATED PROTECTIVE ORDER

Plaintiff Lucasys Inc. ("Lucasys" or "Plaintiff") and Defendant PowerPlan, Inc. ("PowerPlan" or "Defendant") hereby stipulate, and the Court hereby finds as follows:

i.  Discovery in this case requires disclosure of confidential information such as competitively sensitive or proprietary business information and data, as well as otherwise private, confidential and/or trade secret information. Such information likely will be relevant to the determination of the issues in this case.

ii. The public disclosure of such information may cause irreparable harm, or injury to Lucasys, PowerPlan, or third parties.

iii.   Under <u>Federal Rule of Civil Procedure 26(c)</u>, "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . ."

iv.   The Court may enter a protective order for "good cause."  Fed. R. Civ. P. 26(c).  Good cause is determined by balancing the public's "interest in obtaining access" against the "party's interest in keeping the information confidential." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, <u>263 F.3d 1304, 1315</u> (11th Cir. 2001).

 v.   The need for confidentiality in this case outweighs the importance of public disclosure.  This Order will expedite the flow of discovery materials, preserve the integrity of trade secrets and other commercially sensitive and/or proprietary information, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material worthy of protection. The information that is the subject of this Order is likely of relatively little importance to the public, but could be misused to the detriment of the parties' interest in protecting their confidential and/or proprietary information.

Accordingly, pursuant to <u>Fed. R. Civ. P. 26(c)</u>, and by agreement of Lucasys and PowerPlan, the Court finds that good cause exists for entry of

a protective order to prevent unauthorized disclosure and use of trade secrets and other confidential or proprietary information during and after the course of this litigation.  IT IS HEREBY ORDERED that the following procedures shall govern the disclosure or production of any information or documents in this action by and between Lucasys, PowerPlan, and any third-parties:

1.      Any party to this litigation and any third party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets or competitively sensitive technical, marketing, financial, sales, or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.  Any party to this litigation or any third party, who produces or discloses any Confidential material under this Order, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend:

"CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.      Any party to this litigation and any third party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.  Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3.      Any party to this litigation and any third-party shall have the right to designate as "Outside Counsel's Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business information of current or

prospective significance.  Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Outside Counsel's Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "OUTSIDE COUNSEL'S EYES ONLY" or "OUTSIDE COUNSEL'S EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Outside Counsel's Eyes Only").

4.      All Confidential, Attorneys' Eyes Only, and Outside Counsel's Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraphs 5-7, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.  It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only material, provided

that such advice and opinions shall not reveal the content of such Confidential, Attorneys' Eyes Only, and Outside Counsel's Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

5.     Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

      a.     Outside counsel (defined as any attorney or support staff at the parties' outside law firms);

      b.     In-house counsel and in-house paralegals for the parties who are directly responsible for overseeing this action;

      c.     Outside experts or consultants retained for purposes of this action, provided they have signed a non-disclosure agreement in the form attached to this Order as Exhibit A;

      d.     Secretarial, paralegal, clerical, duplicating, and data processing personnel and other staff of the individuals identified in Paragraph 5(a) and (c);

      e.     The Court and court personnel;

f.  Any deponent may be shown or examined on any information, document or thing designated Confidential if (i) it appears on the face of the document that the deponent authored or received a copy of it, (ii) the deponent was employed by the producing party at the time the Confidential Material was originally created and the party seeking to show the Confidential Material to the deponent has a good faith belief that the matters memorialized in the Confidential Material were within the scope of employment of and known to, the deponent, or (iii) the producing party consents to such disclosure;

g.  Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees

whose duties and responsibilities require access to such materials; and

h.   The parties.  In the case of parties that are corporations or other business entities, "party" shall mean executives and other employees participating in decisions with reference to this action, other than those persons defined in Paragraph 5(b).

6.   Attorneys' Eyes Only material and the contents of Attorneys' Eyes Only material may be disclosed only to the individuals identified in Paragraph 5(a)-(g).  Attorneys' Eyes Only material may not be disclosed to the parties, except for in-house attorneys and in-house paralegals who are directly responsible for overseeing this action.

7.   Outside Counsel's Eyes Only material and the contents of Outside Counsel's Eyes Only material may be disclosed only to the individuals identified in Paragraph 5(a),(c)-(g).

8.   Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only material shall be used only by individuals permitted access to it under Paragraphs 5-7.  Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only material, copies thereof, and the information contained therein,

shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

9.      Oral or transcribed testimony may be designated by any party or third party as Confidential, Attorneys' Eyes Only, and/or Outside Counsel's Eyes Only either by an oral statement on the record during the deposition, hearing, or other proceeding, or by providing written notice to all other parties and the court reporter within thirty (30) days of receiving the final transcript of the deposition, hearing, or other proceeding.   The following procedures shall apply:

> a.   Unless designated earlier as Outside Counsel's Eyes Only (whether through written notice or an oral statement on the record during the deposition, hearing, or other procedure), all transcripts in this action shall be treated as Attorneys' Eyes Only in their entirety until fourteen (14) days following receipt of the final transcript, which period may be extended by agreement of the parties. During this fourteen (14) day period, no such transcript shall be disclosed to any individual other than those

9

individuals described in Paragraph 5(a)-(g) above and the deponent, and no individual attending such deposition, hearing, or other proceeding shall disclose the content of that deposition, hearing, or other proceeding to any individual other than those described in Paragraph 5(a)-(g) during said thirty (30) days.

b.   If within that fourteen (14) day period a party or non-party designates the transcript Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only by providing written notice to the other parties and the court reporter, then that designation shall control.

c.   Upon being informed that certain portions of a deposition, hearing, or other proceeding are to be designated as Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only, all parties shall immediately cause each copy of the transcript in its possession, custody, or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4-8.  The appropriate legend

shall be placed on the front of any transcript (and if video recorded, any video recording) containing Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only material.

d.      A party shall give the other parties notice if it reasonably expects a deposition, hearing, or other proceeding, or any portion thereof, to include Confidential, Attorneys' Eyes Only or Outside Counsel's Eyes Only material so that the other parties can ensure that only authorized individuals who are permitted to view such material and who have signed the "Agreement to be Bound by Protective Order" (Exhibit A) are present during the portion(s) of such proceedings when Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only material is presented.

e.      The use of material produced and marked as Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes only as an exhibit in a deposition, hearing, or other proceeding shall in no way affect that material's designation.

10.    If counsel for a party receiving documents or information designated as Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a.    At least 21 days prior to any intended disclosure in the course of the proceedings in this case of such documents or information, Counsel for the objecting party shall serve on the designating party or third party a written objection to such designations, which shall describe with particularity the documents or information in question and shall state the grounds for objection.  Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only.  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  If the designating party or nonparty makes a timely response to such

objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b.   If a dispute as to a Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only designation of a document or item of information cannot be resolved by agreement, the objecting party may file a motion for an order regarding the challenged designation. The party designating the information as Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only shall bear the burden of establishing that good cause exists for the disputed information to be treated as such. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

11.   Any party filing any papers with the Court that contain or reference any documents, information, or materials designated as Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only pursuant to this Order shall take appropriate steps to request to file such

papers under seal in accordance with the local rules of the Northern District of Georgia.

12.     If the need arises during trial or at any hearing before the Court for any party to disclose Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.  Notwithstanding the foregoing sentence, the parties intend to request, if necessary, the sealing of the courtroom during times when documents, information or materials designated as Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only pursuant to this Order will be discussed, as well as the sealing of exhibits and the transcript, or applicable portions thereof, and the appropriate procedures will be more specifically addressed in advance of the hearing or trial, including but not limited to at the Pretrial Conference and in the Pretrial Order.

13.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of

a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only within a reasonable time after becoming aware of an inadvertent disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only under this Protective Order.

14. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of

privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

15.    In the event that any person or party subject to this Protective Order, having possession, custody or control of any document, information, discovery responses or other material designated as Confidential, Attorneys' Eyes Only, and Outside Counsel's Eyes Only that was produced by another party hereto, receives from a non-party a subpoena or other formal process requesting production of such a document, information, discovery response, or material, such person or party shall promptly notify, in writing, the designating party of the documents, information, discovery responses or material sought by such subpoena or other process, and shall furnish such designating party with a copy of said subpoena, process or order. The party or person receiving the subpoena or other process shall make a timely objection to the production of the document, information, discovery response, or material designated as Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only on the grounds that the production is prohibited by this Protective Order.   The designating party for such document, information, discovery response, or material sought shall have the responsibility, in its sole discretion, and at its own cost, to move against the

subpoena or other process, or otherwise oppose entry of an order by a court compelling production of the document, information, discovery response, or material designated as Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only.   If the designating party for such document, information, discovery response, or material moves against the subpoena or other process, or otherwise opposes entry of an order by a court compelling production of the document, information, discovery response, or material, then in no event shall the person or party receiving the subpoena or other process produce the documents, information, discovery responses or material designated as Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only in response to the subpoena or other process unless and until such person or party is ordered to do so by a court.

16.    No information that is in the public domain or which is already known by the receiving party through proper and lawful means (other than through the Parties' prior Agreed Process for Information Exchange and Dispute Resolution Between PowerPlan, Inc. and Lucasys, Inc. and its Principals dated December 4, 2019) or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be

deemed or considered to be Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only material under this Protective Order.

17.     This Protective Order shall not deprive any party of its right to object to discovery by any other party on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

18.     This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court. Any documents filed under seal pursuant to this Protective Order shall remain under seal unless specifically ordered unsealed by the Court.

19.     Upon final conclusion of this litigation, including the exhaustion of all appeals, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only material, or to certify as destroyed, all copies of Confidential, Attorneys' Eyes Only, and Outside Counsel's Eyes Only material that contain markings and/or constitute attorney work product as well as

excerpts, summaries and digests revealing Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only material within thirty (30) days after the conclusion of the case; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order.   To the extent a party requests the return of Confidential, Attorneys' Eyes Only, or Outside Counsel's Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

IT IS SO ORDERED.

Dated: __October 21, 2021__          _____

**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

**AGREED BY:**

s/ Jason Alloy
Richard L. Robbins
Georgia Bar No. 608030
rrobbins@robbinsfirm.com
Jason Alloy
Georgia Bar No. 013188
jalloy@robbinsfirm.com
Joshua A. Mayes
Georgia Bar No. 143107
joshua.mayes@robbinsfirm.com
Evan C. Dunn
Georgia Bar No. 535202
edunn@robbinsfirm.com
**ROBBINS ALLOY BELINFANTE
LITTLEFIELD LLC**
500 14th Street, NW
Atlanta, GA 30318
Telephone:  +1.678.701.9381
Facsimile:   +1.404.856.3250

Aaron Gott (*pro hac vice*)
Aaron.gott@bonalawpc.com
**BONA LAW PC**
15 South 9th Street, Suite 239
Minneapolis, MN 55402
Telephone:  +1.612.284.5001

Jarod Bona (*pro hac vice*)
Jarod.bona@bonalawpc.com
Jon Cieslak (*pro hac vice*)
Jon.cieslak@bonalawpc.com
**BONA LAW PC**
4275 Executive Square, Suite 200
La Jolla, CA 92037

s/ Stephen M. Fazio
Petrina A. McDaniel
Georgia Bar No. 141301
Petrina.mcdaniel@squirepb.com
**SQUIRE PATTON BOGGS
(US) LLP**
1230 Peachtree Street NE, Suite
1700
Atlanta, GA 30309
Telephone:  +1.678.272.3200
Facsimile:   +1.678.272.3211

Damond R. Mace (admitted *pro
hac vice*)
Damond.mace@squirepb.com
Stephen M. Fazio (admitted *pro
hac vice*)
Stephen.fazio@squirepb.com
**SQUIRE PATTON BOGGS
(US) LLP**
4900 Key Tower
127 Public Square
Cleveland, OH  44114-1304
Telephone:  +1.216.479.8500
Facsimile:   +1.216.479.8780

*Attorneys for Defendant
PowerPlan, Inc.*

Telephone:  +1.858.964.4589
Facsimile: +1.858.964.2301

*Attorneys for Plaintiff Lucasys Inc.*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LUCASYS INC. | |
| Plaintiff, | Case No. 1:20-CV-2987 |
| v. | Judge Amy M. Totenberg |
| POWERPLAN, INC., | |
| Defendant. | |

**AFFIDAVIT OF** _____**.**

I, _____, state under oath as follows:

1.      My business address is _____.


2.      My present employer is _____.


3.      My present occupation or job description (including my title) is

_____.


4.      My past and present business relationships with the parties to this

litigation are:    _____.


5.      My current role in this action is as _____

_____.

-1-

6.      I have received a copy of the Protective Order in this case, which the Court signed and entered.

7.      I have read and understand all the provisions of the Protective Order.

8.      I will hold in confidence, will not use and will not disclose to anyone not qualified under the Protective Order any materials designated "CONFIDENTIAL" which are disclosed to me, except as otherwise permitted by the Court or by the agreement of the Parties to this Case.

9.      Having read the Protective Order, I will comply with all its provisions, including those not explicitly set out in this signed undertaking.

10.     I will follow the terms of the Protective Order regarding the return or destruction of materials designated "CONFIDENTIAL" that may come into my possession.  I further agree that no later than thirty (30) days after termination of this litigation or termination of my involvement, whichever occurs first, I will deliver to counsel of record that has consulted me or engaged my services in this matter, all documents in my possession or control designated as "CONFIDENTIAL" pursuant to the Protective Order, and all copies, summaries, and extracts of the contents contained therein, or I will submit a certification that all such protected materials have been securely destroyed.

11.     I hereby submit to the jurisdiction of the Court of the Northern District of Georgia for the purpose of enforcement of this Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


DATE: _____   _____
                                                        (signature)