# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

LUCASYS INC.,

      *Plaintiff*,

v.

POWERPLAN, INC.,

      *Defendant*.

Civil Action File

No.: 1:20-cv-2987-AT

**JURY TRIAL DEMANDED**

## <u>REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS</u>

PowerPlan's opposition [Dkt. 52] to Lucasys' motion to dismiss [Dkt. 49] shows PowerPlan's true motive is to permanently prevent all its former employees from competing with it.  Although PowerPlan weakly asserts that it has made factually sufficient misappropriation allegations, PowerPlan's real argument appears on page 5 of its brief: "PowerPlan alleges that it is 'virtually impossible for [Lantukh] and Lucasys to design and develop the Lucasys software without relying on confidential and proprietary aspects of PowerPlan software.'"  [Dkt. 52 at 5.]  In other words, according to PowerPlan, no one who ever worked for PowerPlan can

build competing software because they were once privy to PowerPlan's unspecified trade secrets.[1]

Although PowerPlan uses different language, this argument would require the Court to adopt the "inevitable disclosure" doctrine. PowerPlan avoids that label because the Georgia Supreme Court expressly rejected the doctrine, which would otherwise permit trade secret misappropriation claims based merely on a showing that the defendant's new employment will lead to the "inevitable disclosure" of trade secrets.  *See Holton v. Physician Oncology Servs., L.P.*, 292 GA 864, 870 (2013) ("[W]e hold that the inevitable disclosure doctrine is not an independent claim under which a trial court may enjoin an employee from working for an employer or disclosing trade secrets."). Moreover, even if the Georgia Supreme Court had accepted that doctrine, "there must be evidence of something more than the mere fact that the former employee learned the former employer's trade secrets." *ID Technology, LLC v. Hamilton*, 2014 WL 12703272 at *2 (N.D. Ga.

---

[1] PowerPlan states several times that Lucasys has "conceded" that PowerPlan adequately alleged that it has trade secrets.  [*e.g.,* Dkt. 52 at 8, n.2.]  That mischaracterizes the motion to dismiss, which "presumed" that PowerPlan has trade secrets for purposes of the motion.  [Dkt. 49-1 at 3, n.1]  The very footnote PowerPlan cites for the supposed concession explains that part of the reason PowerPlan cannot adequately allege misappropriation is because it has not even identified what its purported trade secrets are with any specificity.  As the Court is likely aware, we address that problem with the counterclaim in a separate motion. [Dkt. 45.]

2014). Instead, PowerPlan must make "a showing that the former employee has done something wrong, such as appropriating the former employer's confidential information or copying the former employer's customer list, pricing list, etc." *Id.* It hasn't alleged that here.

PowerPlan asserts that numerous cases support the proposition it need not allege detailed information of the misappropriation to survive a motion to dismiss. But a careful review of these cases shows that in each of them the pleading party alleged facts to plausibly suggest the defendants in those cases had misappropriated trade secrets. PowerPlan's counterclaims skip the facts in favor of conclusions.

Specifically, in *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, Brocade (the former employer) alleged its former employees **made copies of trade secrets, including its source code**, to make a competing product. *See Brocade*, 2011 WL 1044899, at \*5, 6 (N.D. Cal. Mar. 23, 2011). In *Novus Grp., LLC v. Prudential Fin., Inc.*, Novus (the former employer) alleged that former employees **took trade secret information to their new employer and shared it** with the new employer. *See Novus Grp., LLC*, No. 2:19-CV-208, 2019 WL 4452708, at \*7 (S.D. Ohio Sept. 17, 2019). In *Calendar Rsch. LLC v. StubHub, Inc.*, plaintiff alleged **defendants frequently communicated that they wanted to incorporate**

**plaintiff's source code** into existing and future applications. *See Calendar Rsch. LLC*., No. 2:17-CV-04062-SVW-SS, 2017 WL 10378336, at *4 (C.D. Cal. Aug. 16, 2017). In *AirWatch LLC v. Mobile Iron, Inc*., plaintiff alleged that defendant **used false identities, email addresses, phone numbers, and a fake business** to improperly acquire plaintiff's trade secrets. *See AirWatch LLC*., No. 1:12-CV-3571-JEC, 2013 WL 4757491, at *5 (N.D. Ga. Sept. 4, 2013).

PowerPlan, in contrast, does not allege anything close to what plaintiffs alleged in those cases. Nor does PowerPlan allege any improper conduct by Lucasys to plausibly suggest Lucasys misappropriated trade secrets. Powerplan's allegations against Lucasys only establish: (1) the founders of Lucasys worked for PowerPlan (years ago) or accessed PowerPlan software under a confidentiality agreement, and (2) Lucasys is developing a competing software product.

If alleging those facts alone were enough to support a trade secret misappropriation claim, no former employee of any company would ever be able to work for a competitor in the same industry. It would effectively bind all former employees to a permanent non-compete agreement even where they had never signed one. While PowerPlan undoubtedly *wishes* it could prevent all its former employees from competing merely because they were exposed to some amorphous purported trade secrets, courts have determined something more is required. *See,*

*e.g., Holton*, 292 Ga. at 870; *ID Technology, Inc.*, 2014 WL 12703272 at *2; *cf. Scientific Games Int'l, Inc. v. Cash*, 2017 WL 542034 at *5 (holding that misappropriation was shown where "defendant took thousands of electronic files from his employer before resigning from the company").

PowerPlan's response brief only further confirms Lucasys' antitrust theory: rather than compete on the merits, PowerPlan preserved its monopoly by baselessly accusing Lucasys of misappropriating trade secrets and interfered with Lucasys' relationships with its customers to squash a potential competitive threat. With its counterclaims, PowerPlan extended its monopoly preservation strategy into this Court.

The Court should not permit the strategy to succeed. Because PowerPlan has not alleged any *facts* plausibly suggesting that Lucasys misappropriated PowerPlan's unspecified "trade secrets," the Court should dismiss the counterclaims in this action.

This  24th day of November, 2021.

/s/ Jason S. Alloy
Richard L. Robbins
Georgia Bar No. 608030
rrobbins@robbinsfirm.com
Jason S. Alloy
Georgia Bar No. 013188
jalloy@robbinsfirm.com
Joshua A. Mayes

-5-

Georgia Bar No. 143107
jmayes@robbinsfirm.com
Evan C. Dunn
Georgia Bar No. 535202
edunn@robbinsfirm.com
Robbins Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, GA 30318
(678) 701-9381
(404) 856-3255 (fax)

Aaron Gott (admitted *pro hac vice*)
aaron.gott@bonalawpc.com
BONA LAW PC
331 2nd Avenue South #420
Minneapolis, MN 55401
(612) 284-5001
Jarod Bona (admitted *pro hac vice*)
jarod.bona@bonalawpc.com
Jon Cieslak (admitted *pro hac vice*)
jon.cieslak@bonalawpc.com
BONA LAW PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
(858) 964-4589
(858) 964-2301 (fax)

*Counsel for Plaintiff Lucasys Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed the foregoing, which is typed in Times New Roman 14 point in compliance with the local rule, with the Clerk of Court using the CM/ECF system which will send email notification of such filing to all attorneys of record:

Petrina A. McDaniel
Petrina.mcdaniel@squirepb.com
Squire Patton Boggs (US) LLP
1230 Peachtree St., NE, Suite 1700
Atlanta, GA 30309

Damond R. Mace
Damond.mace@squirepb.com
Stephen M. Fazio
Stephen.fazio@squirepb.com
Squire Patton Boggs (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH 44114

This 24th day of November, 2021.

*/s/ Jason S. Alloy*
Jason S. Alloy