IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUCASYS INC., <br><br> Plaintiff, <br><br> v. <br><br> POWERPLAN, INC., <br><br> Defendant. | CIVIL ACTION NO. <br> 1:20-cv-2987-AT |

## ORDER

Before the Court is Lucasys's Motion for Order Requiring Pre-Discovery Identification of Trade Secrets [Doc. 45]. On April 19, 2022, the Court held a teleconference to address the parties' positions in connection with this motion and the related discovery dispute. Upon review of the relevant briefs and after hearing argument from the parties, the Court ordered that PowerPlan must identify its trade secrets with reasonable particularity before it can obtain discovery from Lucasys in connection with its trade secrets claims, or other claims in this case. In so deciding, the Court relied on applicable authority on this issue. *See, e.g., DeRubeis v. Witten Tech., Inc.*, 244 F.R.D. 676, 681-82 (N.D. Ga. 2007) (granting plaintiff's motion to compel identification of trade secrets before defendant was entitled to discovery on those claims, highlighting important policy considerations in (1) preventing parties from engaging in fishing expeditions to discover trade

secrets of competitor, (2) allowing the court and parties to determine the bounds of discovery to prevent needless exposure of irrelevant trade secret information, (3) providing trade secrets defendants with sufficient information to mount defenses, and (4) preventing trade secrets plaintiffs from molding trade secrets claims based on discovery responses); *Alcoa, Inc. v. Universal Alloy Corp.*, 2015 WL 13753187, at *3 (N.D. Ga. Oct. 20, 2015) (granting defendant's motion for order compelling identification of trade secrets and directing plaintiff to provide list of trade secrets with reasonable particularity based on reasoning in *DeRubeis*); *StoneEagle Servs., Inc. v. Valentine*, 2013 WL 9554563, at *2 (N.D. Tex. June 5, 2013) (granting motion for pre-discovery identification of trade secrets and recognizing that "the growing consensus seems to be in favor of requiring those plaintiffs bringing claims of trade secret misappropriation to identify, with reasonable particularity, the alleged trade secrets at issue," citing *DeRubeis*).

At the teleconference on April 19, the Court further determined that PowerPlan would not be prejudiced by having to disclose its trade secrets before obtaining the relevant discovery. Accordingly, in light of the above authority and for the reasons discussed at the teleconference on April 19, the Court **GRANTS** Lucasys's Motion for Relief [Doc. 45] **NUNC PRO TUNC**.[1] Lucasys's Motion to Dismiss PowerPlan's Counterclaims remains pending before the Court.

---

[1] Consistent with the Court's oral ruling on April 19, it appears that PowerPlan has since served discovery identifying its asserted trade secrets. (*See* April 29 Certificate of Service, Doc. 72.)

2

3

**IT IS SO ORDERED** this 3rd day of May 2022.

_____
**Honorable Amy Totenberg
United States District Judge**