## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LUCASYS INC., | Civil Action No.: 1:20-cv-02987-AT |
| *Plaintiff*, | Judge Amy Totenberg |
| v. | **JURY TRIAL DEMANDED** |
| POWERPLAN, INC., | |
| *Defendant*. | |

## ANSWER TO A COMPLAINT

Defendant PowerPlan, Inc. ("PowerPlan") hereby answers Plaintiff Lucasys Inc.'s ("Lucasys") First Amended Complaint ("FAC," Doc. 126).  Except as expressly admitted below, PowerPlan denies all allegations contained in the FAC, and denies that Lucasys is entitled to any form of relief.  PowerPlan's Answer to the numbered paragraphs of Lucasys' FAC are set forth below[1]:

1.     PowerPlan admits the allegations in paragraph 1 of the FAC.

2.     PowerPlan denies the allegations in paragraph 2 of the FAC.

3.     PowerPlan admits only that personal jurisdiction over PowerPlan in Georgia is proper and that service *via* Corporation Service Company was proper.

---

[1]     Lucasys' FAC includes more than two pages of improper and argumentative narrative and mischaracterizations in a section entitled "Nature of the Action" appearing before its "Substantive Allegations."  To the extent that any response is required here to this improper narrative, PowerPlan denies the allegations and characterizations contained there.

PowerPlan denies it committed any tortious acts in Georgia, and denies all remaining allegations in paragraph 3 of the FAC.

4. PowerPlan admits the allegations in paragraph 4 of the FAC.

5. PowerPlan admits that Lucasys' principal place of business is located in Cumming, Georgia. PowerPlan also admits that Lucasys represents itself as a tax consulting and software development company. PowerPlan lacks first-hand knowledge of the remaining allegations in paragraph 5 of the FAC, accordingly they are denied.

6. PowerPlan admits only that: (*i*) it is a supplier of utility management software for investor-owned rate-regulated utilities and other customers, (*ii*) that its principal place of business is in Atlanta, Georgia, and (*iii*) that it is owned by Roper Technologies, a publicly traded company. PowerPlan denies the remaining allegations in paragraph 6 of the FAC.

7. PowerPlan admits only that certain investor-owned, rate-regulated utilities use software to address various operational, accounting, regulatory, and tax issues. PowerPlan denies the remaining allegations in paragraph 7 of the FAC.

8. PowerPlan admits only that the allegations in paragraph 8 of the FAC describe certain, but not all, products offered by PowerPlan. PowerPlan denies the remaining allegations in paragraph 8 of the FAC.

9.      PowerPlan admits that PowerTax, Provision, and Tax Repairs are part of its Income Tax Suite.  PowerPlan admits that its income tax related modules allow its customers to compute tax depreciation and deferred income taxes.  PowerPlan denies the remaining allegations in paragraph 9 of the FAC.

10.     PowerPlan admits the allegations in paragraph 10 of the FAC.

11.     PowerPlan admits that some of its software was available in the market in 1994 and thereafter.  PowerPlan denies the remaining allegations in paragraph 11 of the FAC.

12.     PowerPlan denies the allegations in paragraph 12 of the FAC.

13.     PowerPlan denies the allegations in paragraph 13 of the FAC.

14.     PowerPlan denies the allegations in paragraph 14 of the FAC.

15.     PowerPlan admits only that customers wishing to perform functions that are outside of the capability of PowerPlan's software can use alternative service providers.  PowerPlan denies the remaining allegations in paragraph 15 of the FAC.

16.     PowerPlan denies the allegations in paragraph 16 of the FAC.

17.     PowerPlan admits that there are numerous providers of services and custom code like those described, and that numerous utilities use competitive bidding to select consultants, and that different customers have different factors they use to evaluate consultants.  PowerPlan denies the remaining allegations in paragraph 17 of the FAC.

3

18.    PowerPlan admits only that it earns revenue from consulting services to some customers that have licensed PowerPlan's products.  PowerPlan denies the remaining allegations in paragraph 18 of the FAC.

19.    PowerPlan denies the allegations in paragraph 19 of the FAC.

20.    PowerPlan admits only that paragraph 20 of the FAC generally describes parts of the rate case process used in some states.  PowerPlan denies the remaining allegations in paragraph 20 of the FAC.

21.    PowerPlan admits only that paragraph 21 of the FAC describes generally part of The Tax Cuts and Jobs Act of 2017.  PowerPlan denies the remaining allegations in paragraph 21 of the FAC.

22.    PowerPlan admits only that paragraph 22 of the FAC describes generally some of the actions in some jurisdictions.  PowerPlan denies the remaining allegations in paragraph 22 of the FAC.

23.    PowerPlan denies the allegations in paragraph 23 of the FAC.

24.    PowerPlan admits only that certain of its clients have requested assistance with calculations associated with various tax law changes.  PowerPlan denies the remaining allegations in paragraph 24 of the FAC.

25.    PowerPlan admits only that Lucasys and numerous others provide various tax related consulting.  PowerPlan denies the remaining allegations in paragraph 25 of the FAC.

26.     PowerPlan admits that it competes with other providers of services concerning deferred taxes.  PowerPlan denies all remaining allegations in paragraph 26 of the FAC.

27.     PowerPlan admits that Vadim Lantukh, Daniel Chang, and Stephen Strang are former PowerPlan employees whose employment with PowerPlan ended in 2013 (Lantukh), 2014 (Chang), and 2015 (Strang).  PowerPlan also admits that each held employment somewhere other than PowerPlan prior to joining Lucasys.  PowerPlan denies the remaining allegations in paragraph 27 of the FAC.

28.     PowerPlan denies the allegations in paragraph 28 of the FAC.

29.     PowerPlan admits that Lucasys provides consulting services to its customers.  PowerPlan denies the remaining allegations in paragraph 29 of the FAC.

30.     PowerPlan admits only that Lucasys has represented that is has developed three technological solutions.   PowerPlan denies the remaining allegations in paragraph 30 of the FAC and its subparts.

31.     PowerPlan denies the allegations in paragraph 31 of the FAC.

32.     PowerPlan lacks information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the FAC, accordingly they are denied.

33.     PowerPlan denies the allegations in paragraph 33 of the FAC.

34.     PowerPlan denies the allegations in paragraph 34 of the FAC.

35.     PowerPlan admits that it learned that Lucasys responded to a request for proposal issued by AEP.   PowerPlan denies the remaining allegations in paragraph 35 of the FAC.

36.     PowerPlan admits that both PowerPlan and Lucasys submitted bids for at least a portion of the work requested by AEP.   PowerPlan also admits that it has had communications with AEP regarding PowerPlan's confidential information and the confidentiality obligations under its existing license agreement with PowerPlan. PowerPlan denies the remaining allegations in paragraph 36 of the FAC.

37.     PowerPlan denies the allegations in paragraph 37 of the FAC.

38.     PowerPlan admits only that it sent correspondence to Messrs. Lantukh, Chang and Strang on or about October 30, 2019, which speaks for itself.   PowerPlan denies the remaining allegations in paragraph 38 of the FAC.

39.     PowerPlan admits only that it sent correspondence to Messrs. Lantukh, Chang and Strang on or about October 30, 2019, which speaks for itself.   PowerPlan denies the remaining allegations in paragraph 39 of the FAC.

40.     PowerPlan denies the allegations in paragraph 40 of the FAC.

41.     PowerPlan admits only that it sent correspondence to Messrs. Lantukh, Chang and Strang on or about October 30, 2019, which speaks for itself.   PowerPlan denies the remaining allegations in paragraph 41 of the FAC.

42.     PowerPlan denies the allegations in paragraph 42 of the FAC.

43.   PowerPlan admits only that Lucasys did not have a software product that could be fully substituted for PowerPlan's software.   PowerPlan denies the remaining allegations in paragraph 43 of the FAC.

44.   PowerPlan denies the allegations in paragraph 44 of the FAC.

45.   PowerPlan admits only that Lucasys provided certain limited information to certain PowerPlan representatives under strict confidentiality and non-disclosure obligations.   PowerPlan lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of the FAC, accordingly there are denied.

46.   PowerPlan denies the allegations in paragraph 46 of the FAC.

47.   PowerPlan admits that NextEra maintained certain information concerning its non-regulated entities outside the PowerPlan system and that NextEra engaged Lucasys for tax fixed-asset related services.   PowerPlan denies the remaining allegations in paragraph 47 of the FAC.

48.   PowerPlan denies the allegations in paragraph 48 of the FAC.

49.   PowerPlan admits that Lucasys had begun the design phase at the time of the termination and that PowerPlan performed certain services for NextEra at various times and at the request of NextEra.   PowerPlan is without information sufficient to form a belief as to the remaining allegations in paragraph 49 of the FAC, accordingly they are denied.

50.    PowerPlan admits only that Lucasys proposed to provide certain services to Liberty Utilities and that Lucasys recommended Liberty Utilities implement PowerPlan's income tax suite.    PowerPlan denies the remaining allegations in paragraph 50 of the FAC.

51.    PowerPlan denies the allegations in paragraph 51 of the FAC.

52.    PowerPlan denies the allegations in paragraph 52 of the FAC.

53.    PowerPlan admits that in 2019, AEP issued a request for proposals. PowerPlan also admits that both PowerPlan and Lucasys submitted bids for at least a portion of the work requested by AEP.  PowerPlan denies the remaining allegations in paragraph 53 of the FAC.

54.    PowerPlan admits that it sent certain correspondence to its client AEP, which speaks for itself.  PowerPlan denies the remaining allegations in paragraph 54 of the FAC.

55.    PowerPlan denies the allegations in paragraph 55 of the FAC.

56.    PowerPlan denies the allegations in paragraph 56 of the FAC.

57.    PowerPlan admits only that it has properly asserted its legitimate rights under its software license agreements with its customers.  PowerPlan denies the remaining allegations in paragraph 57 of the FAC.

58.    PowerPlan denies the allegations in paragraph 58 of the FAC.

59.    PowerPlan denies the allegations in paragraph 59 of the FAC.

60.     PowerPlan denies the allegations in paragraph 60 of the FAC.

61.     PowerPlan denies the allegations in paragraph 61 of the FAC.

62.     PowerPlan denies the allegations in paragraph 62 of the FAC.

63.     PowerPlan admits only that it communicated concerns about the risk of Lucasys potentially misappropriating PowerPlan's trade secrets to dozens of PowerPlan customers.  PowerPlan denies the remaining allegations in paragraph 63 of the FAC.

64.     PowerPlan denies the allegations in paragraph 64 of the FAC.

65.     PowerPlan denies the allegations in paragraph 65 of the FAC.

66.     Paragraph 66 of the FAC contains legal conclusions for which no response is required.  To the extent a response is required, PowerPlan denies the allegations in paragraph 66 of the FAC.

67.     PowerPlan denies the allegations in paragraph 67 of the FAC.

68.     PowerPlan denies the allegations in paragraph 68 of the FAC.

69.     PowerPlan admits that it permitted consultants other than Lucasys to access PowerPlan software and client databases.  PowerPlan denies the remaining allegations in paragraph 69 of the FAC.

70.     PowerPlan denies the allegations in paragraph 70 of the FAC.

71.     PowerPlan denies the allegations in paragraph 71 of the FAC.

72.     PowerPlan is without information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the FAC, accordingly they are denied.

73.     PowerPlan admits only that a declaration from Mr. Persinger has been filed in this case.  PowerPlan denies the remaining allegations in paragraph 73 of the FAC.

74.     PowerPlan admits only that the Persinger declaration attaches thousands of pages of information Lucasys claims was publicly available from the PowerPlan website, third-party smart-phone app, YouTube channel, and third-party code repositories.  PowerPlan denies the remaining allegations in paragraph 74 of the FAC.

75.      PowerPlan admits only that some filings by power companies with public utilities commissions are public.  PowerPlan denies the remaining allegations in paragraph 75 of the FAC.

76.     Paragraph 76 of the FAC contains legal conclusions for which no response is required.  To the extent a response is required, PowerPlan denies the allegations in paragraph 76 of the FAC.

77.     PowerPlan admits the allegations in paragraph 77 of the FAC.

78.     PowerPlan denies the allegations in paragraph 78 of the FAC.

79.     PowerPlan denies the allegations in paragraph 79 of the FAC.

80.     PowerPlan denies the allegations in paragraph 80 of the FAC.

81.     Paragraph 81 of the FAC contains legal conclusions for which no response is required.  To the extent a response is required, PowerPlan denies the allegations in paragraph 81 of the FAC.

82.     PowerPlan admits the allegations in paragraph 82 of the FAC.

83.     PowerPlan admits the allegations in paragraph 83 of the FAC.

84.     PowerPlan admits the allegations in paragraph 84 of the FAC.

85.     PowerPlan admits the allegations in paragraph 85 of the FAC.

86.     PowerPlan admits the allegations in paragraph 86 of the FAC.

87.     PowerPlan denies the allegations in paragraph 87 of the FAC.

88.     PowerPlan lacks information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the FAC, accordingly they are denied.

89.     PowerPlan admits only that it has entered into Authorized Vendor Agreements with consulting firms.  PowerPlan denies the remaining allegations in paragraph 89 of the FAC.

90.     PowerPlan admits the allegations in paragraph 90 of the FAC.

91.     PowerPlan admits the allegations in paragraph 91 of the FAC.

92.     PowerPlan denies the allegations in paragraph 92 of the FAC.

93.     PowerPlan denies the allegations in paragraph 93 of the FAC.

94.    PowerPlan admits only that it has entered into Authorized Vendor Agreements with consulting firms.  PowerPlan denies the remaining allegations in paragraph 94 of the FAC.

95.    Paragraph 95 of the FAC characterizes in an incomplete way the contents of a written document that speaks for itself and contains legal conclusions for which no response is required.  To the extent a response is required, PowerPlan denies the allegations in paragraph 95 of the FAC to the extent they are inconsistent with the document.

96.    Paragraph 96 of the FAC characterizes in an incomplete way the contents of a written document that speaks for itself.  To the extent a response is required, PowerPlan denies the allegations in paragraph 96 of the FAC to the extent they are inconsistent with the document.

97.    Paragraph 97 of the FAC characterizes in an incomplete way the contents of a written document that speaks for itself and contains legal conclusions for which no response is required.  To the extent a response is required, PowerPlan denies the allegations in paragraph 97 of the FAC to the extent they are inconsistent with the document.

98.    PowerPlan admits that Lucasys made a counteroffer and that PowerPlan declined Lucasys' counteroffer.  PowerPlan denies the remaining allegations in paragraph 98 of the FAC.

99.   PowerPlan denies the allegations in paragraph 99 of the FAC.

100.   PowerPlan denies the allegations in paragraph 100 of the FAC.

101.   Paragraph 101 of the FAC contains legal conclusions for which no response is required.  To the extent a response is required, PowerPlan denies the allegations in paragraph 101 of the FAC.

102.   PowerPlan admits only that Lucasys' FAC attempts to allege two or more markets.  PowerPlan denies the remaining allegations in paragraph 102 of the FAC.

103.   PowerPlan admits only that investor-owned rate-regulated utilities sometimes use software systems and that such systems can facilitate certain operational, accounting, regulatory, and tax functions.   PowerPlan denies the remaining allegations in paragraph 103 of the FAC.

104.   PowerPlan admits only that rate-regulated utilities are regulated and asset intensive.  PowerPlan denies the remaining allegations in paragraph 104 of the FAC.

105.   PowerPlan admits that there are certain investor-owned rate-regulated utilities that operate without the use of what the FAC calls "Utility Management Software."  PowerPlan denies the remaining allegations in paragraph 105 of the FAC.

106.   PowerPlan denies the allegations in paragraph 106 of the FAC.

107.   PowerPlan denies the allegations in paragraph 107 of the FAC.

108.   PowerPlan is without information sufficient to form a belief as to costs allegedly associated with switching to a system that Lucasys simultaneously alleges does not exist.  Accordingly, PowerPlan denies the allegations in paragraph 108 of the FAC.

109.   PowerPlan denies the allegations in paragraph 109 of the FAC.

110.   PowerPlan denies the allegations in paragraph 110 of the FAC.

111.   PowerPlan denies the allegations in paragraph 111 of the FAC.

112.   PowerPlan denies the allegations in paragraph 112 of the FAC.

113.   PowerPlan denies the allegations in paragraph 113 of the FAC.

114.   PowerPlan denies the allegations in paragraph 114 of the FAC.

115.   PowerPlan denies the allegations in paragraph 115 of the FAC.

116.   PowerPlan denies the allegations in paragraph 116 of the FAC.

117.   PowerPlan admits only that numerous firms provide various consulting services to numerous customers that have deployed PowerPlan's software and that there is competition among such providers.  PowerPlan lacks information sufficient to form a belief as to the "capabilities and areas of focus" of these various competitors, and denies any allegations regarding same.  The remaining allegations in paragraph 117 of the FAC also are denied.

118.   PowerPlan denies the allegations in paragraph 118 of the FAC.

119.   PowerPlan denies the allegations in paragraph 119 of the FAC.

120.   PowerPlan denies the allegations in paragraph 120 of the FAC.

121.   PowerPlan admits only that utilities are located throughout the United States and could source software and/or services from vendors within the United States.  PowerPlan denies the remaining allegations in paragraph 121 of the FAC.

122.   PowerPlan denies the allegations in paragraph 122 of the FAC.

123.   PowerPlan denies the allegations in paragraph 123 of the FAC.

124.   PowerPlan denies the allegations in paragraph 124 of the FAC.

125.   PowerPlan denies the allegations in paragraph 125 of the FAC.

126.   PowerPlan denies the allegations in paragraph 126 of the FAC.

127.   PowerPlan denies the allegations in paragraph 127 of the FAC.


128.   PowerPlan admits that Lucasys offers and distributes its products and services throughout the United States.  PowerPlan denies it engaged in any improper anticompetitive conduct or that any alleged anticompetitive conduct affected interstate commerce.  PowerPlan also denies that it has revenues in excess of $150 million annually.  PowerPlan denies the remaining allegations in paragraph 128 of the FAC.

129.   PowerPlan admits that AEP operates in multiple states.  PowerPlan denies the remaining allegations in paragraph 129 of the FAC.

130.   PowerPlan incorporates by reference the preceding responses to Lucasys' allegations.

131.   PowerPlan denies the allegations in paragraph 131 of the FAC.

132.   PowerPlan admits only that development of a full suite software product of the scope of PowerPlan's software offering requires significant technological ability and any effort to organically develop such a software offering without access to PowerPlan's trade secrets would require a major capital investment and substantial time.  PowerPlan denies the remaining allegations in paragraph 132 of the FAC.

133.   PowerPlan denies the allegations in paragraph 133 of the FAC.

134.   PowerPlan admits only that there is existing choice available from different suppliers.  PowerPlan denies the remaining allegations in paragraph 134 of the FAC.

135.   PowerPlan denies the allegations in paragraph 135 of the FAC.

136.   PowerPlan denies the allegations in paragraph 136 of the FAC.

137.   PowerPlan denies the allegations in paragraph 137 of the FAC.

138.   PowerPlan denies the allegations in paragraph 138 of the FAC.

139.   PowerPlan denies the allegations in paragraph 139 of the FAC.

140.   PowerPlan denies the allegations in paragraph 140 of the FAC.

141.   PowerPlan denies the allegations in paragraph 141 of the FAC.

142.    PowerPlan incorporates by reference the preceding responses to Lucasys' allegations.

143.    PowerPlan denies the allegations in paragraph 143 of the FAC.

144.    PowerPlan admits only that development of a full suite software product of the scope of PowerPlan's software offering requires significant technological ability and any effort to organically develop such a software offering without access to PowerPlan's trade secrets would require a major capital investment and substantial time.  PowerPlan denies the remaining allegations in paragraph 144 of the FAC.

145.    PowerPlan denies the allegations in paragraph 145 of the FAC.

146.    PowerPlan denies the allegations in paragraph 146 of the FAC.

147.    PowerPlan denies the allegations in paragraph 147 of the FAC.

148.    PowerPlan denies the allegations in paragraph 148 of the FAC.

149.    PowerPlan denies the allegations in paragraph 149 of the FAC.

150.    PowerPlan incorporates by reference the preceding responses to Lucasys' allegations.

151.    PowerPlan admits only that there is existing choice available from different suppliers.  PowerPlan denies the remaining allegations in paragraph 151 of the FAC.

152.    PowerPlan denies the allegations in paragraph 152 of the FAC.

153.   PowerPlan denies the allegations in paragraph 153 of the FAC.

154.   PowerPlan denies the allegations in paragraph 154 of the FAC.

155.   PowerPlan denies the allegations in paragraph 155 of the FAC.

156.   PowerPlan denies the allegations in paragraph 156 of the FAC.

157.   PowerPlan incorporates by reference the preceding responses to Lucasys' allegations.

158.   PowerPlan denies the allegations in paragraph 158 of the FAC.

159.   PowerPlan denies the allegations in paragraph 159 of the FAC.

160.   PowerPlan denies the allegations in paragraph 160 of the FAC.

161.   PowerPlan denies the allegations in paragraph 161 of the FAC.

162.   PowerPlan incorporates by reference the preceding responses to Lucasys' allegations.

163.   PowerPlan denies the allegations in paragraph 163 of the FAC.

164.   PowerPlan denies the allegations in paragraph 164 of the FAC.

165.   PowerPlan denies the allegations in paragraph 165 of the FAC.

166.   PowerPlan denies the allegations in paragraph 166 of the FAC.

167.   PowerPlan denies the allegations in paragraph 167 of the FAC.

168.   PowerPlan denies the allegations in paragraph 168 of the FAC

169.   PowerPlan denies the allegations in paragraph 169 of the FAC.

170.   PowerPlan incorporates by reference the preceding responses to Lucasys' allegations.

171.   PowerPlan denies the allegations in paragraph 171 of the FAC.

172.   PowerPlan denies the allegations in paragraph 172 of the FAC.

173.   PowerPlan denies the allegations in paragraph 173 of the FAC.

174.   PowerPlan denies the allegations in paragraph 174 of the FAC.

175.   PowerPlan denies the allegations in paragraph 175 of the FAC.

176.   PowerPlan denies the allegations in paragraph 176 of the FAC.

177.   PowerPlan denies the allegations in paragraph 177 of the FAC.

178.   PowerPlan incorporates by reference the preceding responses to Lucasys' allegations.

179.   PowerPlan denies the allegations in paragraph 179 of the FAC.

180.   PowerPlan denies the allegations in paragraph 180 of the FAC.

181.   PowerPlan denies the allegations in paragraph 181 of the FAC.

182.   PowerPlan denies the allegations in paragraph 182 of the FAC.

183.   PowerPlan denies the allegations in paragraph 183 of the FAC.

184.   PowerPlan incorporates by reference the preceding responses to Lucasys' allegations.

185.   PowerPlan denies the allegations in paragraph 185 of the FAC.

186.   PowerPlan denies the allegations in paragraph 186 of the FAC.

187.   PowerPlan denies the allegations in paragraph 187 of the FAC.

188.   PowerPlan denies the allegations in paragraph 188 of the FAC.

189.   PowerPlan incorporates by reference the preceding responses to Lucasys' allegations.

190.   PowerPlan denies the allegations in paragraph 190 of the FAC.

191.   PowerPlan denies the allegations in paragraph 191 of the FAC.

192.   PowerPlan denies the allegations in paragraph 192 of the FAC.

193.   PowerPlan denies the allegations in paragraph 193 of the FAC.

194.   PowerPlan denies the allegations in paragraph 194 of the FAC.

195.   PowerPlan incorporates by reference the preceding responses to Lucasys' allegations.

196.   PowerPlan denies the allegations in paragraph 196 of the FAC.

197.   PowerPlan denies the allegations in paragraph 197 of the FAC.

198.   PowerPlan denies the allegations in paragraph 198 of the FAC.

199.   PowerPlan incorporates by reference the preceding responses to Lucasys' allegations.

200.   PowerPlan denies the allegations in paragraph 200 of the FAC.

201.   PowerPlan admits only that development of a full suite software product of the scope of PowerPlan's software offering requires significant technological ability and any effort to organically develop such a software offering

without access to PowerPlan's trade secrets would require a major capital investment and substantial time.  PowerPlan denies the remaining allegations in paragraph 201 of the FAC.

202.   PowerPlan denies the allegations in paragraph 202 of the FAC.

203.   PowerPlan denies the allegations in paragraph 203 of the FAC.

204.   PowerPlan denies the allegations in paragraph 204 of the FAC.

205.   PowerPlan denies the allegations in paragraph 205 of the FAC.

206.   PowerPlan denies the allegations in paragraph 206 of the FAC.

207.   PowerPlan denies the allegations in paragraph 207 of the FAC.

208.   PowerPlan incorporates by reference the preceding responses to Lucasys' allegations.

209.   PowerPlan denies the allegations in paragraph 209 of the FAC.

210.   PowerPlan admits only that development of a full suite software product of the scope of PowerPlan's software offering requires significant technological ability and any effort to organically develop such a software offering without access to PowerPlan's trade secrets would require a major capital investment and substantial time.  PowerPlan denies the remaining allegations in paragraph 210 of the FAC.

211.   PowerPlan denies the allegations in paragraph 211 of the FAC.

212.   PowerPlan denies the allegations in paragraph 212 of the FAC.

213.   PowerPlan denies the allegations in paragraph 213 of the FAC.

214.   PowerPlan denies the allegations in paragraph 214 of the FAC.

215.   PowerPlan denies the allegations in paragraph 215 of the FAC.

216.   PowerPlan denies the allegations in paragraph 216 of the FAC.

To the extent PowerPlan has not responded above to any allegations of the FAC, including the prayer for relief, PowerPlan hereby denies any such allegations.

## POWERPLAN'S ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), PowerPlan asserts the following additional defenses.  PowerPlan reserves the right to assert additional defenses and/or counterclaims as more information is discovered.  PowerPlan does not assume the burden of proof for any defense asserted below, except to the extent the burden of proof already lies with PowerPlan as a matter of law.

## FIRST ADDITIONAL DEFENSE

1.   Lucasys lacks standing to bring claims for antitrust violations because, among other reasons, there is no causal connection between the conduct attributed to PowerPlan and Lucasys' alleged injuries, and Lucasys has not suffered an antitrust injury.

## SECOND ADDITIONAL DEFENSE

2.   The FAC and every claim for relief asserted therein fails to state a claim upon which relief can be granted against PowerPlan.

## THIRD ADDITIONAL DEFENSE

3.     Lucasys' claims are barred, in whole or in part, because there has been no injury to competition as a result of the conduct attributed to PowerPlan.

## FOURTH ADDITIONAL DEFENSE

4.     Lucasys' claims are barred, in whole or in part, because Lucasys has failed to define an appropriate relevant product market and/or geographic market under the antitrust laws.

## FIFTH ADDITIONAL DEFENSE

5.     PowerPlan's business practices were lawful, pro-competitive, increased efficiencies, and benefitted customers.

## SIXTH ADDITIONAL DEFENSE

6.     Lucasys' claims may be barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.

## SEVENTH ADDITIONAL DEFENSE

7.     Lucasys' claims may be barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

## EIGHTH ADDITIONAL DEFENSE

8.     Lucasys' claims may be barred, in whole or in part, by the doctrines of *in pari delicto* and/or unclean hands.

## NINTH ADDITIONAL DEFENSE

9.      Lucasys' claims are barred, in whole or in part, because Lucasys failed to reasonably mitigate its alleged damages.

## TENTH ADDITIONAL DEFENSE

10.      Lucasys' claim for equitable relief is barred because Lucasys has adequate remedies at law and/or equitable relief is neither necessary or proper.

## ELEVENTH ADDITIONAL DEFENSE

11.      Lucasys' Seventh and Eighth Causes of Action are barred because PowerPlan was not a stranger to the business relationships between Lucasys and its customers.

## TWELFTH ADDITIONAL DEFENSE

12.      Lucasys' Ninth and Tenth Causes of Action are barred because Lucasys fails to identify any defamatory statement made by PowerPlan with the requisite specificity.

## THIRTEENTH ADDITIONAL DEFENSE

13.      Lucasys' Ninth and Tenth Causes of Action are barred, in whole or in part, because all purported statements made by PowerPlan regarding Lucasys, if any, are privileged under O.C.G.A. § 51-5-7(2) and (3).

## FOURTEENTH ADDITIONAL DEFENSE

14.      Lucasys' Ninth and Tenth Causes of Action are barred, in whole or in part, because all purported fact statements made by PowerPlan regarding Lucasys, if any, were true.

## FIFTEENTH ADDITIONAL DEFENSE

15.    Lucasys' Eleventh and Twelfth Causes of Action are barred by the immunity provided by the *Noerr-Pennington* doctrine and the protections of the First Amendment to the Constitution of the United States.

## ADDITIONAL DEFENSES

By designating the aforementioned defenses, PowerPlan does not in any way waive or limit any defenses which are or may be raised by their denials, allegations, and averments.  These defenses also are without prejudice to PowerPlan's ability to raise other and further defenses.  PowerPlan expressly reserves all rights to re-evaluate its defenses and/or assert additional defenses upon any amendment of the underlying claims, and/or upon discovery and review of additional documents and information, and upon the development of other pertinent facts.

PowerPlan demands a trial by jury of every issue triable of right by a jury.

Submitted this 26th day of July, 2022.

Respectfully submitted,

/s/ *Damond R. Mace*
Damond R. Mace (admitted pro hac vice)
damond.mace@squirepb.com
Stephen M. Fazio (admitted pro hac vice)
stephen.fazio@squirepb.com
Steven A. Friedman (admitted pro hac vice)
steven.friedman@squirepb.com

25

Janine C. Little (admitted pro hac vice)
janine.little@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
1000 Key Tower, 127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 479-8500

Petrina A. McDaniel
Georgia Bar No. 141301
petrina.mcdaniel@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
1230 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309
Telephone: (678) 272-3200

*Attorneys for Defendant PowerPlan, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer to a Complaint was served on July 26, 2022 by filing it using the Court's CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Damond R. Mace*
 Damond R. Mace

*Attorney for Defendant PowerPlan, Inc.*