**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LUCASYS INC., | |
| *Plaintiff,* | Civil Action File |
| v. | No.: 1:20-cv-2987-AT |
| POWERPLAN, INC., | |
| *Defendant.* | |

**PLAINTIFF LUCASYS INC.'S RESPONSE TO DEFENDANT
POWERPLAN, INC.'S ADDITIONAL STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFF
LUCASYS INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Northern District of Georgia Local Rule 56.1(B)(3), Plaintiff Lucasys Inc. ("Plaintiff" or "Lucasys") hereby submits its Response to Defendant PowerPlan Inc.'s ("Defendant" or "PowerPlan") Additional Statement of Undisputed Material Facts in Support of Opposition to Plaintiff's Motion for Partial Summary Judgment, respectfully showing the Court as follows:

1.

**PowerPlan Additional Statement No. 1:**

PowerPlan's customers include utilities, oil and gas companies, and other asset-intensive companies, such as those in telecommunications or transportation.

PowerPlan's customers, including customers for PowerTax, for deferred tax software, for tax depreciation software, and for other income tax software, fixed asset software and other software, are not limited to rate-regulated, investor-owned utilities. Ex. 51, ROP007246 at -248, -253 (February 2018 Total Addressable Market Executive Summary); Doc. 184-5, Ex. 5, Meyer Report ¶ 12.

**Lucasys Response**:

Undisputed. Lucasys, however, objects to this statement, as it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment. L.R. 56.1(B)(1), (3)(c); *see also Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case").

2.

**PowerPlan Additional Statement No. 2**:

In 2020, PowerPlan decided to focus on the North American energy market, *i.e.*, utilities and oil & gas companies, while continuing to do business with existing customers in other industries or geographies. Ex. 49, ROP006769 at -793; *see also* Doc. 164-1, Dahlby Tr. 228:21–229:3; Doc. 154-1, Bertz Tr. 212:12–18

(describing PowerPlan's focus as "the regulated and non-regulated energy industry"); Doc. 186-7, Ex. E at POWERPLAN01274651.

**Lucasys Response:**

Undisputed. Lucasys, however, objects to this statement, as it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment. L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case").

3.

**PowerPlan Additional Statement No. 3:**

The utility industry includes at least three types of companies: investor-owned utilities ("IOUs"), municipal utilities, and utility cooperatives. *See, e.g.*, Doc. 186-7, Ex. E at POWERPLAN01274650; *see also* Doc. 164-1, Dahlby Tr. 228:21–229:3; Doc. 158-1, Rutten Tr. 189:9–23.

**Lucasys Response:**

Undisputed. Lucasys, however, objects to this statement, as it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment, especially

because neither municipal utilities nor utility cooperatives pay income taxes. L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case").

4.

**PowerPlan Additional Statement No. 4:**

Oil & gas companies include four different varieties: midstream, upstream, downstream, and integrated. *See, e.g.*, Doc. 186-7, Ex. E at POWERPLAN01274650.

**Lucasys Response:**

Undisputed. Lucasys, however, objects to this statement, as it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment. L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case").

5.

**PowerPlan Additional Statement No. 5:**

PowerPlan's software modules are grouped into eight different product "suites": (1) Income Tax, (2) Property Tax, (3) Lease Accounting, (4) Fixed Asset, (5) Rate Case & ROE [Return on Equity] Management, (6) Asset Investment Optimization, (7) Capital Planning and Forecasting, and (8) Project Portfolio Cost Management. E.g., Doc. 185-23, Ex. 48, Tyler Report ¶ 24; Ex. 49, ROP006769 at -773; see also Doc. 167-1, Crye Tr. 50:10–23.

**Lucasys Response:**

Undisputed. Lucasys, however, objects to this statement, as it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment. L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case").

6.

**PowerPlan Additional Statement No. 6:**

Investor-owned utilities require software other than tax depreciation and deferred tax to account for their fixed assets, properly file their taxes, and perform

other business functions. Ex. 50, May 12, 2023 Declaration of Jim Dahlby ("Dahlby Decl.") ¶ 5; Ex. 53, POWERPLAN00830056 at -67 (identifying seven "[k]ey needs" of utilities).

**Lucasys Response**:

Undisputed that, in addition to PowerTax, investor-owned utilities ("IOUs") use additional software solutions to account for their fixed assets and file their tax returns. As a practical matter, however, IOUs of any significant size must use PowerTax to calculate their deferred tax balances. (Doc. 156-1, Deposition of Rob Yankovich ("Yankovich Dep.") at 17:15–18:25; Doc. 161-1, Deposition of Daniel Chang ("Chang Dep.") at 34:3–35:11.) Lucasys also objects to this statement, as it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment. L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case"). Finally, Lucasys objects to the remainder of this statement as the phrase "business functions" is vague.

7.

**PowerPlan Additional Statement No. 7:**

The PowerTax software product (part of PowerPlan's Income Tax suite) that PowerPlan licenses to rate-regulated, investor-owned utilities does not differ from the PowerTax software product PowerPlan licenses to its other customers in asset-intensive industries, such as non-utility oil and gas companies. Ex. 50, Dahlby Decl. ¶ 5; *see also, e.g.*, Ex. 54, POWERPLAN00015632 at -641 (oil & gas company Colonial Pipeline licensing both PowerTax modules); Ex. 55, POWERPLAN01976973 § 12.1 (telecommunications company Cox licensing both PowerTax modules and other software); Ex. 56, POWERPLAN01962636 (rail company Norfolk Southern licensing both PowerTax modules and other software).

**Lucasys Response:**

Undisputed. Lucasys, however, objects to this statement, as it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment. L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case").

8.

**PowerPlan Additional Statement No. 8:**

PowerPlan's license agreements for each of its dozens of software products contain the same, industry standard terms regarding protecting PowerPlan's proprietary and confidential information. Ex. 50, Dahlby Decl. ¶ 4; *see also, e.g.*, Doc. 184-9, Ex. 9 §§ 14, 19 (1998 license agreement with AEP, prior to AEP licensing of PowerTax, containing similar mutual confidentiality protections).

**Lucasys Response:**

Lucasys objects to the statement because it does not constitute a material fact "to which there is no genuine issue to be tried." L.R. 56.1(B)(1). Rather, it is "stated as an issue or legal conclusion" and therefore should not be considered by the Court for failure to comply with the Local Rules. L.R. 56.1(B)(1)(c). Subject to the foregoing objection, Lucasys also asserts that it is immaterial whether the terms in PowerPlan's licensing agreements are "industry standard terms." As PowerPlan's expert testified, the same contractual language can be perfectly consistent with pro-competitive activity in one context, but anticompetitive and illegal in another context. (Doc. 172-1, Deposition of Cleve S. Tyler, Ph.D. ("Tyler Dep.") at 121:12–18.)

9.

**PowerPlan Additional Statement No. 9:**

The confidentiality and intellectual property protections in PowerPlan's license agreements are reciprocal, or mutual (*i.e.*, confidentiality and intellectual property protections apply equally to the licensor and the licensee). Doc. 184-3, Ex. 3, Hilliard Report at pp. 5, 13–14.

**Lucasys Response:**

Lucasys objects to this statement, as it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment. L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case").

10.

**PowerPlan Additional Statement No. 10:**

No provision in PowerPlan's software license agreements directs to whom the customer must send any services work. *See, e.g.*, Doc. 184-9, Ex. 9 (AEP license agreement); Doc. 165-1, Liberty (Read) Tr. 36:17–37:2, 37:22–38:3 (Liberty hired an employee—not PowerPlan—to perform services work).

**Lucasys Response**:

Undisputed that PowerPlan's software license agreements do not expressly direct to whom the customer must contract with for Tax Services work. Lucasys objects to this statement, however, as it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment. L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case"). Lucasys further notes that although the agreements themselves do not expressly prohibit customers from providing Lucasys with access to PowerPlan software and databases, PowerPlan subsequently (and undisputedly) communicated that fact to a large number of its customers.

11.

**PowerPlan Additional Statement No. 11**:

Many companies provide services related to PowerPlan's software products. The services are broad and varied, and do not necessarily involve operations with PowerPlan's software. Many services can be provided to a rate-regulated investor-owned utility (and to other customers) without accessing PowerPlan's software or PowerTax database. Ex. 50, Dahlby Decl. ¶ 6; Doc. 158-1, Rutten Tr. 47:5-14.

**Lucasys Response**:

Lucasys objects to this statement, as it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment. L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case").

12.

**PowerPlan Additional Statement No. 12**:

The services provided to PowerPlan customers include new software implementations, software upgrades, integration services, and data cleansing, among others. PowerPlan has numerous third-party competitors for all four varieties of these professional services, there is active competition among the various third-party providers, and PowerPlan has no financial interest in any of these third-party services providers. *See, e.g.*, Ex. 50, Dahlby Decl. ¶ 8; Doc. 163-1, RCC Tr. 144:18–147:24.

**Lucasys Response**:

Undisputed that there are companies that provide software implementations, software upgrades, integration services, and data cleansing for PowerPlan's customers. Lucasys, however, objects to this statement because it does not

constitute a material fact "to which there is no genuine issue to be tried." L.R. 56.1(B)(1). Rather, it is "stated as an issue or legal conclusion" and therefore should not be considered by the Court for failure to comply with the Local Rules. L.R. 56.1(B)(1)(c). In particular, whether PowerPlan has any financial interest in any of these third-party services providers is an issue addressed in the parties' respective briefs. Moreover, whether there was active competition for Tax Services is not a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment. L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case").

13.

**PowerPlan Additional Statement No. 13:**

Some services provided by third parties may require access to a customer's data. In all cases, a customer controls its own data and can provide that data to a service provider outside of PowerPlan software, and customers can comply with their license agreement and still provide their data to services providers. Ex. 50, Dahlby Decl. ¶ 7; Doc. 159-1, Duffy Tr. 195:13–24 ("The client has access to their data at all times to my knowledge   The data itself is theirs."); Doc. 184-1, Ex. 1

(June 2020 form letter from PowerPlan to customer) ("PowerPlan consent is not required for customers to provide their data, in raw form, to Lucasys . . . "); Doc. 182-2 ¶¶ 15–17.

**Lucasys Response:**

Undisputed that service providers require access to a customer's data. Lucasys also does not dispute that, in all cases, PowerPlan customers own their underlying data and can use their data however they want, including providing that data to service providers. Lucasys objects to this statement, however, as it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment. L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case"). Lucasys notes that it is undisputed that it is not possible, as a practical matter, to provide Tax Services without accessing a customer's PowerTax software and database.

14.

**PowerPlan Additional Statement No. 14:**

PowerPlan never threatened any of its customers with lawsuits or threatened to cancel their software license agreements if they used Lucasys for services.

-13-

Ex. 50, Dahlby Decl. ¶ 9; *see also, e.g.*, Doc. 165-1, Liberty (Read) Tr. 25:10-16, 29:21-24, 61:5-10; Doc. 175-1, NextEra Tr. 61:21-23.

**Lucasys Response:**

Lucasys objects to this statement because it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment. L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case"). Specifically, whether or not PowerPlan's communications constituted "threats" is not material. It is material that PowerPlan told customers that they could not permit Lucasys to access PowerPlan software or databases pursuant to the terms of their agreements, and PowerPlan does not dispute that fact. Lucasys further notes that the content of most of the communications are written and speak for themselves.

15.

**PowerPlan Additional Statement No. 15:**

PowerPlan informed Lucasys that access to certain elements of PowerPlan's on premises software could be permitted so long as Lucasys entered a written agreement with the customer that any access to PowerPlan's software and

-14-

confidential information given by the customer would only be used to service the customer, and not for any improper purpose (like copying PowerPlan's software, database architecture or other confidential information to unfairly compete with PowerPlan), and that Lucasys would be bound by confidentiality restrictions that mirror the customer's confidentiality obligations to PowerPlan. Lucasys rejected this offer. *See* Doc. 186-37, Ex. II, PowerPlan's Answers to Lucasys' Third Set of Continuing Interrogatories, Response to Interrogatory No. 20.

**Lucasys Response:**

Lucasys objects to this statement because it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment. L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case").

16.

**PowerPlan Additional Statement No. 16:**

The only asset-intensive industry Lucasys has taken steps to target is the utility industry because "every employee at Lucasys has longstanding relationships

with utilities" and "[i]t's where [Lucasys'] collective expertise is." Doc. 160-1, Lantukh Tr. 143:10–144:25.

**Lucasys Response**:

Undisputed. Lucasys, however, objects to the substance of this statement because it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment. L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case").

17.

**PowerPlan Additional Statement No. 17**:

Lucasys sells its tax depreciation product separate from its deferred tax product. *See* Doc. 184-8, Ex. 8 (Lucasys list of products); *see also* Lucasys Surges Ahead with New Deferred Tax Solution, GlobalNewswire (Mar. 30, 2023), https://lnkd.in/gZ6bw2uz.

**Lucasys Response**:

Undisputed. Lucasys, however, objects to the substance of this statement because it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment.

L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case").

18.

**PowerPlan Additional Statement No. 18:**

Lucasys has earned, and continues to earn, many millions of dollars in services fees from AEP. Doc. 171-1, Lucasys Tr. 51:7-10; Ex. 52, Olsen Report, Schedule 12.

**Lucasys Response:**

Undisputed. Lucasys objects to this statement because it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment. L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case").

19.

**PowerPlan Additional Statement No. 19:**

Lucasys has earned, and continues to earn, many millions of dollars in services fees from Suez. Ex. 52, Olsen Report, Schedule 12.

**Lucasys Response**:

Undisputed. Lucasys objects to this statement because it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment. L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case").

20.

**PowerPlan Additional Statement No. 20**:

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████

**Lucasys Response**:

Undisputed. Lucasys objects to this statement because it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment. L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal

element of the claim under the applicable substantive law which might affect the outcome of the case").

21.

**PowerPlan Additional Statement No. 21:**

███████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████

**Lucasys Response:**

Undisputed. Lucasys objects to this statement because it does not constitute a "material" fact, as it has no bearing on any of the legal claims or elements for which Lucasys has sought partial summary judgment. L.R. 56.1(B)(1), (3)(c); *see also Allen*, 121 F.3d at 646 (explaining that fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case").

Respectfully submitted this 26th day of May, 2023.

> _/s/ Joshua A. Mayes_
> Richard L. Robbins
> Georgia Bar No. 608030
> rrobbins@robbinsfirm.com
> Jason S. Alloy
> Georgia Bar No. 013188
> jalloy@robbinsfirm.com
> Joshua A. Mayes
> Georgia Bar No. 143107
> jmayes@robbinsfirm.com
> Rachel F. Gage
> Georgia Bar No. 547982
> rgage@robbinsfirm.com
> Evan C. Dunn
> Georgia Bar No. 535202
> edunn@robbinsfirm.com
> Robbins Alloy Belinfante Littlefield LLC
> 500 14th Street, N.W.
> Atlanta, Georgia 30318
> Telephone:  (678) 701-9381
> Facsimile:   (404) 856-3255
>
> Aaron Gott (admitted _pro hac vice_)
> aaron.gott@bonalawpc.com
> BONA LAW PC
> 15 South 9th Street, Suite 239
> Minneapolis, Minnesota 55402
> (612) 284-5001
> Jarod Bona (admitted _pro hac vice_)
> jarod.bona@bonalawpc.com
> Jon Cieslak (admitted _pro hac vice_)
> jon.cieslak@bonalawpc.com

BONA LAW PC
4275 Executive Square, Suite 200
La Jolla, California 92037
(858) 964-4589
(858) 964-2301 (fax)

*Counsel for Plaintiff Lucasys Inc.*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this filing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this filing has been prepared using 14-pt Times New Roman Font.

*/s/ Joshua A. Mayes*
Joshua A. Mayes

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this day filed the within and foregoing with the Clerk of Court using the CM/ECF electronic filing system which will automatically send counsel of record e-mail notification of such filing.

This 26th day of May, 2023.

*/s/ Joshua A. Mayes*
Joshua A. Mayes