IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUCASYS INC., *Plaintiff*, v. POWERPLAN, INC., *Defendant*. | CIVIL ACTION FILE NO.: 1:20-cv-2987-AT |

## PLAINTIFF LUCASYS INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to this Court's directive during the May 7, 2024 hearing on the Parties' cross motions for summary judgment, Plaintiff Lucasys Inc. hereby submits this Notice of Supplemental Authority pertaining to Lucasys' defamation claim. (Doc. 238.) Specifically, during the May 7th hearing, the Court asked Lucasys to provide any legal authority for the proposition that the contents or publication of a defamatory statement could be proven via circumstantial evidence, as opposed to direct evidence.

The Supreme Court of Georgia has generally held that circumstantial evidence "may be sufficient for a plaintiff's claim to survive summary judgment, if other theories are shown to be less probable." *Patterson v. Kevon, LLC*, 304 Ga. 232, 236 (2018). "There is no requirement that other theories be conclusively

'excluded;'" rather, "the question as to the sufficiency of the circumstantial evidence, and its consistency or inconsistency with alternative hypotheses, is a question for the jury." *Id.* (quoting *S. Ry. Co. v. Georgia Kraft Co.*, 258 Ga. 232, 232 (1988)). The undersigned counsel has not been able to locate any Georgia authority holding that the publication or content of a defamatory statement cannot be proven exclusively by circumstantial evidence.

Furthermore, the vast majority of persuasive authority from other jurisdictions holds that elements of a defamation claim, including the content and publication of defamatory statements, may be proven by circumstantial evidence alone. *See, e.g., Senior Advisory Grp. of Am., Inc. v. McDowell*, No. 1 CA-CV 11-0080, 2011 WL 6101829 (Ariz. Ct. App. Dec. 8, 2011) (affirming jury verdict despite no direct evidence of contents or publication of defamatory statements); *Porter v. Joy Realty, Inc.*, 872 A.2d 846, 848 (Pa. Super. 2005) (holding that circumstantial evidence presented was sufficient for defamation claim to survive a motion for summary judgment); *Wal-Mart Stores, Inc. v. Lee*, 74 S.W.3d 634, 653 (Ark. 2002) (holding that circumstantial evidence was substantial enough for a jury to conclude that defendant published false and defamatory statements about plaintiff); *Food Lion, Inc. v. Melton*, 458 S.E.2d 580, 585 (Va. 1995) ("[C]ourts of other jurisdictions have held that circumstantial evidence alone may be sufficient

to prove publication of the defamatory remarks.") (collecting cases); *Wilhoit v. WCSC, Inc.*, 358 S.E.2d 397, 400 (S.C. Ct. App. 1987) ("The question, however, of publication can be submitted to a jury upon circumstantial evidence that a third party could have heard the defamatory remarks and understood them to refer to the plaintiff."); *see also* M.H.B. v. E.C.F.S., 177 A.D.3d 479, 480 (N.Y. App. Div. 2019) (stating that a plaintiff does not necessarily have to prove the identity of the third party to succeed on a defamation claim and that circumstantial evidence is not insufficient to support such a claim).

For example, in *Senior Advisory Grp. of Am., Inc. v. McDowell*, No. 1 CA-CV 11-0080, 2011 WL 6101829 (Ariz. Ct. App. Dec. 8, 2011), a case strikingly similar to the instant case, the Arizona Court of Appeals affirmed a jury verdict finding Senior Advisory Group ("SAG") liable for defamation based exclusively on circumstantial evidence. *Id.*, at *4. In that case, McDowell sued SAG for defamation based on SAG telling third parties that McDowell had misappropriated its proprietary information. *Id.*, at *3. The jury agreed and found SAG liable for defamation. On appeal, SAG argued that McDowell's defamation claim failed because there was no direct evidence that it or its agents had made any defamatory statements. *Id.* The Arizona Court of Appeals disagreed and upheld the jury verdict, finding that the circumstantial evidence was sufficient to support the jury

finding. *Id.* Notably, in that case, the third parties could not expressly remember whether SAG had stated that McDowell had stolen its proprietary information but that there were "inferences" of such in the communications. *Id.*

Similarly, in *Porter v. Joy Realty, Inc.*, the Superior Court of Pennsylvania addressed the issue of whether "the 'publication' element of a defamation cause of action may be proven using only circumstantial evidence when the quantity and quality of such evidence is substantial." 872 A.2d at 847. There, the plaintiff, a home inspector, performed a home inspection for a prospective buyer of a property listed by the defendant real estate company during which he identified several concerns with the property. *Id.* When these were disclosed to the buyer, she decided not to purchase the property. *Id.* In response, an agent of the defendant real estate company told "other agents of other real estate agencies that [the plaintiff] was incompetent and unprofessional" after the inspection. *Id.* at 848. As a result, plaintiff brought a defamation claim against the defendant real estate company, which the trial court dismissed on summary judgment because the plaintiff had not adduced any direct evidence that the defendant had made the statements to any other real estate agent. *Id.* On appeal, the Superior Court of Pennsylvania reversed the trial court, finding "that substantial circumstantial evidence may be sufficient to prove publication in the context of defamation." *Id.*

at 849.  The court found that the plaintiff had shown substantial evidence that the defamatory remarks had been made given the "tight knit" nature of the real estate agent community and that the plaintiff's leads dried up closely following the defendant's statements.

In short, Georgia law provides that circumstantial evidence can raise a genuine issue of material fact, making summary judgment improper.  There is no reason this would not be true for a defamation claim.  Indeed, the weight of persuasive authority from other jurisdictions confirms that circumstantial evidence can be sufficient for a defamation claim to survive summary judgment and to support a jury verdict finding a defendant liable for defamation.

Respectfully submitted this 13th day of May, 2024.

                              */s/ Joshua A. Mayes*
                              Richard L. Robbins
                              Georgia Bar No. 608030
                              rrobbins@robbinsfirm.com
                              Jason S. Alloy
                              Georgia Bar No. 013188
                              jalloy@robbinsfirm.com
                              Joshua A. Mayes
                              Georgia Bar No. 143107
                              jmayes@robbinsfirm.com
                              Rachel F. Gage
                              Georgia Bar No. 547982
                              rgage@robbinsfirm.com
                              Evan C. Dunn
                              Georgia Bar No. 535202
                              edunn@robbinsfirm.com
                              Robbins Alloy Belinfante Littlefield LLC
                              500 14th Street, N.W.
                              Atlanta, Georgia 30318
                              Telephone:  (678) 701-9381
                              Facsimile:   (404) 856-3255

Aaron Gott (admitted *pro hac vice*)
aaron.gott@bonalawpc.com
BONA LAW PC
15 South 9th Street, Suite 239
Minneapolis, Minnesota 55402
(612) 284-5001
Jarod Bona (admitted *pro hac vice*)
jarod.bona@bonalawpc.com
Jon Cieslak (admitted *pro hac vice*)
jon.cieslak@bonalawpc.com
BONA LAW PC
4275 Executive Square, Suite 200
La Jolla, California 92037
(858) 964-4589
(858) 964-2301 (fax)

*Counsel for Plaintiff Lucasys Inc*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing with the Clerk of Court using the CM/ECF electronic filing system which will automatically send counsel of record e-mail notification of such filing.

This 13th day of May, 2024.

*/s/ Joshua A. Mayes*
Joshua A. Mayes

4874-8622-61095