# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LUCASYS INC., *Plaintiff*, v. POWERPLAN, INC., *Defendant*. | CIVIL ACTION FILE NO.: 1:20-cv-2987-AT |

## PLAINTIFF LUCASYS INC.'S NOTICE OF FILING SUPPLEMENTAL EVIDENCE

Pursuant to this Court's directive during the May 7, 2024 hearing on the Parties' cross motions for summary judgment, Plaintiff Lucasys Inc. hereby submits this Notice of Filing Supplemental Evidence.  The supplemental evidence pertains to communications that largely took place after the briefing of the summary judgment motions that were the subject of the hearing.  Specifically, those communications relate to PowerPlan's alleged consent to Lucasys' accessing PowerPlan software and under what terms, whether or not that could be communicated to customers, Lucasys' demand for corrective statements to the market, and PowerPlan's refusal to produce the supposed basis for its statements regarding Lucasys' purported misappropriation of trade secrets.

On October 17, 2022, PowerPlan submitted answers to Lucasys' Third Set of Continuing Interrogatories, which are attached as **Exhibit A**. In response to the question, "Does PowerPlan consent to Lucasys accessing PowerPlan software or databases for the purpose of providing consulting services to PowerPlan customers?" PowerPlan answered as follows:

> In light of the information obtained during discovery in this action, PowerPlan does not currently object to Lucasys accessing PowerPlan's software or database deployed in PowerPlan's cloud environment or on a customer's network provided that Lucasys does so under a mutually agreeable written agreement with PowerPlan that requires (i) that any such access shall be used solely for the benefit of providing consulting services to PowerPlan's customers and not for any other purpose; (ii) Lucasys shall have confidentiality and use obligations at least as restrictive as those contained in the customer's license agreement with PowerPlan; (iii) that either party may (at its expense) submit a good faith dispute concerning potential misappropriation of trade secret information to a mutually-agreed third party for evaluation; and (iv) such other terms as are contained in authorized vendor agreements for firms providing comparable services as Lucasys. Assuming the specific terms are agreed, PowerPlan is willing to enter into such an agreement in a form that would not require separate agreements for each of Lucasys' customers.
>
> Alternatively, in light of the information obtained during discovery of this action, PowerPlan does not currently object to Lucasys accessing PowerPlan's software or database deployed solely on a customer's network for the sole purpose of providing consulting services to PowerPlan's customer provided (i) that it does so under a written agreement that requires any such access to be used solely for the purpose of providing consulting services to the PowerPlan customer and no other purpose; (ii) includes written confidentiality and use

> obligations at least as restrictive as those contained in the customer's license agreement with PowerPlan; (iii) prohibits access to PowerPlan source code; and, (iv) that the PowerPlan customer and/or Lucasys confirms such an agreement in writing to PowerPlan.

(Ex. A at 1-3). The entirety of those responses was designated "confidential" under the protective order in this case, meaning that Lucasys could not use it for any purpose other than this lawsuit.

On October 6, 2023, Jason Alloy, counsel for Lucasys wrote a letter to Stephen Fazio, counsel for PowerPlan, demanding that PowerPlan retract its communications to the market. A true and correct copy of that letter is attached as **Exhibit B**.

Mr. Fazio responded to that letter on October 21, 2023, in his own letter, in which PowerPlan refused to contact the market and correct its prior statements. A true and correct copy of that letter is attached as **Exhibit C**. In that letter, Mr. Fazio noted that PowerPlan would de-designate the interrogatory response referred to in Ex. A above.

In response to that letter, Mr. Alloy sent another letter to Mr. Fazio on November 30, 2023, demanding that PowerPlan produce any communications with its attorneys that purportedly informed any communications that had been

made to customers regarding Lucasys.  A true and correct copy of that letter is attached as **Exhibit D**.

Mr. Fazio responded to that letter on January 3, 2024, and refused to produce those communications.  A true and correct copy of that letter is attached as **Exhibit E**.

Respectfully submitted this 13th day of May, 2024.

*/s/ Joshua A. Mayes*
Richard L. Robbins
Georgia Bar No. 608030
rrobbins@robbinsfirm.com
Jason S. Alloy
Georgia Bar No. 013188
jalloy@robbinsfirm.com
Joshua A. Mayes
Georgia Bar No. 143107
jmayes@robbinsfirm.com
Rachel F. Gage
Georgia Bar No. 547982
rgage@robbinsfirm.com
Evan C. Dunn
Georgia Bar No. 535202
edunn@robbinsfirm.com
Robbins Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone:  (678) 701-9381
Facsimile:  (404) 856-3255

Aaron Gott (admitted *pro hac vice*)
aaron.gott@bonalawpc.com
BONA LAW PC
15 South 9th Street, Suite 239
Minneapolis, Minnesota 55402
(612) 284-5001
Jarod Bona (admitted *pro hac vice*)
jarod.bona@bonalawpc.com
Jon Cieslak (admitted *pro hac vice*)
jon.cieslak@bonalawpc.com
BONA LAW PC
4275 Executive Square, Suite 200
La Jolla, California 92037
(858) 964-4589
(858) 964-2301 (fax)

*Counsel for Plaintiff Lucasys Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing with the Clerk of Court using the CM/ECF electronic filing system which will automatically send counsel of record e-mail notification of such filing.

This 13th day of May, 2024.

> */s/ Joshua A. Mayes*
> Joshua A. Mayes

4896-1874-80941