# EXHIBIT A

CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUCASYS INC., <br><br> *Plaintiff and Counterclaim Defendant*, <br><br> v. <br><br> POWERPLAN, INC., <br><br> *Defendant and Counterclaim Plaintiff*. | Civil Action No. 1:20-cv-2987-AT <br><br> Judge Amy Totenberg |

**POWERPLAN, INC.'S ANSWERS TO
LUCASYS INC.'S
THIRD SET OF CONTINUING INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, PowerPlan, Inc. ("PowerPlan") hereby answers Lucasys Inc.'s ("Lucasys") Third Set of Continuing Interrogatories to PowerPlan as follows:

**INTERROGATORY NO. 20:**

Does PowerPlan consent to Lucasys accessing PowerPlan software or databases for the purpose of providing consulting services to PowerPlan customers?

**ANSWER TO INTERROGATORY NO. 20:**

In light of the information obtained during discovery in this action, PowerPlan does not currently object to Lucasys accessing PowerPlan's software or database

deployed in PowerPlan's cloud environment or on a customer's network provided that Lucasys does so under a mutually agreeable written agreement with PowerPlan that requires (*i*) that any such access shall be used solely for the benefit of providing consulting services to PowerPlan's customers and not for any other purpose; (*ii*) Lucasys shall have confidentiality and use obligations at least as restrictive as those contained in the customer's license agreement with PowerPlan; (*iii*) that either party may (at its expense) submit a good faith dispute concerning potential misappropriation of trade secret information to a mutually-agreed third party for evaluation; and (*iv*) such other terms as are contained in authorized vendor agreements for firms providing comparable services as Lucasys.  Assuming the specific terms are agreed, PowerPlan is willing to enter into such an agreement in a form that would not require separate agreements for each of Lucasys' customers.

Alternatively, in light of the information obtained during discovery of this action, PowerPlan does not currently object to Lucasys accessing PowerPlan's software or database deployed solely on a customer's network for the sole purpose of providing consulting services to PowerPlan's customer provided (*i*) that it does so under a written agreement that requires any such access to be used solely for the purpose of providing consulting services to the PowerPlan customer and no other purpose; (*ii*) includes written confidentiality and use obligations at least as restrictive as those contained in the customer's license agreement with PowerPlan; (*iii*)

prohibits access to PowerPlan source code; and, (*iv*) that the PowerPlan customer and/or Lucasys confirms such an agreement in writing to PowerPlan.

**INTERROGATORY NO. 21:**

Identify and describe what, if anything, PowerPlan has communicated to customers referring or relating to its consent or lack thereof to Lucasys accessing PowerPlan software or databases since the filing of this lawsuit.

**ANSWER TO INTERROGATORY NO. 21:**

PowerPlan has not engaged in any general communications with its customers concerning its consent or lack of consent to Lucasys accessing PowerPlan software or databases since the filing of this lawsuit. PowerPlan was approached by ConEdison about permitting third party access to PowerPlan's cloud environment to provide ConEdison certain consulting services. PowerPlan eventually learned that one of the potential third parties that would access the PowerPlan cloud environment on behalf of ConEdison was Lucasys. PowerPlan indicated to ConEdison that it was willing to permit such access if Lucasys signed an Authorized Vendor Agreement in

a form acceptable to PowerPlan. Lucasys rejected the form proposed by PowerPlan and ConEdison ultimately elected not to upgrade to PowerPlan's cloud environment.

**INTERROGATORY NO. 22:**

Identify and describe what steps, if any, PowerPlan has taken to perform, accomplish, or otherwise complete "a generalized customer audit of third- party access to PowerPlan's software and associated confidential information" as described in PowerPlan's IP Protection Communications.

**ANSWER TO INTERROGATORY NO. 22:**

PowerPlan internally discussed conducting a generalized customer audit of third-party access to PowerPlan's software and associated confidential information. PowerPlan also engaged in communications with Grant Thornton and reviewed an engagement letter from Grant Thornton whereby Grant Thornton was offering its services to perform an audit of third-party access to PowerPlan's software and associated confidential information. PowerPlan did not engage Grant Thornton or any vendor to conduct any audit of third-party access to PowerPlan's software. PowerPlan has not taken any additional steps to complete a generalized customer audit of third- party access to PowerPlan's software and associated confidential information since its discussions with Grant Thornton ceased in May 2020.

CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER

Dated: October 17, 2022

           As to Objections:

/s/ *Stephen M. Fazio*
Damond R. Mace
Damond.Mace@squirepb.com
Stephen M. Fazio
Stephen.Fazio@squirepb.com
Steven A. Friedman
Steven.friedman@squirepb.com
Janine C. Little
Janine.little@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Tel.: +1 216 479 8500
Fax: +1 216 479 8780

Petrina A. McDaniel
Georgia Bar No. 141301
Petrina.Mcdaniel@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
1230 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309
Telephone: (678) 272-3200
Facsimile: (678) 272-3211

*Attorneys for Defendant and Counterclaim Plaintiff PowerPlan, Inc.*

CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER

## VERIFICATION

I have read the foregoing **POWERPLAN, INC.'S ANSWERS TO LUCASYS INC.'S THIRD CONTINUING INTERROGATORIES** and am familiar with and know its contents. Not all of the responses are within my personal knowledge because no single PowerPlan agent or employee has knowledge of all these matters. Rather, the responses are based on information assembled by PowerPlan through its employees, and its attorneys, and I am informed and believe, and therefore declare, that responses based on such information are true and correct. As for matters that are within my own personal knowledge, the responses are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 17, 2022.

/s/ Jim Dahlby

# **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing by email to counsel of record as follows:

Richard L. Robbins
Georgia Bar No. 608030
rrobbins@robbinsfirm.com
Jason Alloy
Georgia Bar No. 013188
jalloy@robbinsfirm.com
Joshua A. Mayes
Georgia Bar No. 143107
jmayes@robbinsfirm.com
Evan C. Dunn
Georgia Bar No. 535202
edunn@robbinsfirm.com
Robbins Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, GA 30318
(678) 701-9381
(404) 856-3255 (fax)

Aaron Gott (admitted *pro hac vice*)
aaron.gott@bonalawpc.com
BONA LAW PC
15 South 9th Street, Suite 239
Minneapolis, MN 55402
(612) 284-5001

Jarod Bona (admitted *pro hac vice*)
jarod.bona@bonalawpc.com
Jon Cieslak (admitted *pro hac vice*)
jon.cieslak@bonalawpc.com
BONA LAW PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
(858) 964-4589
(858) 964-2301 (fax)

-8-

/s/ *Stephen M. Fazio*
Stephen M. Fazio

*Attorney for PowerPlan, Inc.*