# EXHIBIT C



Squire Patton Boggs (US) LLP
1000 Key Tower
127 Public Square
Cleveland, Ohio 44114

O   +1 216 479 8500
F   +1 216 479 8780
squirepattonboggs.com


Stephen M. Fazio
T   +1 216 479 8403
stephen.fazio@squirepb.com

October 21, 2023

Jason S. Alloy, Esq.
Robbins Alloy, Belinfante, Littlefield, LLC
500 14th Street, N.W.
Atlanta, GA 30318

**Re: Lucasys v. PowerPlan, Inc., No. 1:20-cv-2987-AT**

Dear Jason:

This letter responds to your October 6, 2023 letter.

***First***, we disagree with your characterization of the nature and impact of PowerPlan's correspondence to some of its customers concerning Lucasys' access to PowerPlan's software. There is unrebutted evidence that only a small handful of the emails sent out with the general IP protection letters were ever even opened by the addressees, and Lucasys elected not to depose any of those customers. Moreover, despite two years of extensive discovery taken in this case, the only evidence of any alleged "stain" in the marketplace is the self-serving testimony of Lucasys' founders. There is no admissible third-party evidence to support Lucasys' claim that it has been harmed in the market as a result of PowerPlan's communications with some of its customers. To the contrary, the customer testimony in the case overwhelming supports PowerPlan's position. For example, both AEP and SUEZ testified that PowerPlan's communications did not prevent either company from continuing to work with Lucasys. *See, e.g.*, AEP Tr. 49:25-50:23; Suez Tr. 63:5-9.

Similarly, we disagree with your characterization of Mr. Bertz's testimony. As you well know, Mr. Bertz was specifically instructed at deposition to answer questions based on his personal knowledge and not from information that he learned from attorneys. *See, e.g.*, Bertz Tr. 78:17-19. As you also know, Mr. Bertz was not part of Nelson Mullins' investigation or the agreed process, and (as he was instructed) he did not testify as to information that was learned *via* the attorneys. In any case, whether Mr. Bertz personally had evidence of actual misappropriation is irrelevant. None of the letters that were signed by Mr. Bertz accused Lucasys of misappropriation. PowerPlan's letters addressed what it viewed as an "intolerable risk of misuse or misappropriation." That was an accurate statement of PowerPlan's position at the time the letters were signed and the letters did not contain any false statement.

Over 40 Offices across 4 Continents

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP                                                                                          October 21, 2023

In addition, Lucasys could have chosen to negotiate in good faith to enter into an Authorized Vendor Agreement over a year ago that would have permitted it access to PowerPlan's software on terms that served both Parties' interests.  Lucasys elected not to do so.  PowerPlan also offered another alternative to permit Lucasys access to PowerPlan's software and database deployed on a customer's network if Lucasys would commit in writing that its access would only be used to provide consulting services to the customer.  Once again, Lucasys elected not to do so.  Indeed, Lucasys' conduct leaves PowerPlan with the impression that it is more interested in litigation posturing than in reaching a commercially sensible resolution to the Parties' disputes.  If that changes, PowerPlan stands ready to engage in good faith.

*Second*, your demand that PowerPlan "retract" its July 17, 2020 email to Mr. Kleczynski is baseless.  In your letter, you purport to quote the email as stating: "PowerPlan had 'strong reason to believe [Lucasys] is using access to our intellectual property to build competitive offerings."  Ltr. p. 2.  As you well know, however, the word "Lucasys" does not appear in Mr. Bertz's email to Mr. Kleczynski.  Further, there is no evidence that Mr. Bertz or anyone else from PowerPlan ever spoke to Mr. Kleczynski about Lucasys, much less in a way that harmed Lucasys.  Accordingly, no retraction is necessary.  Setting aside this email, if you have any evidence that any communication from PowerPlan occurred with Mr. Kleczynski that referred to Lucasys, please let us know, as the record is devoid of such evidence.

*Third*, we disagree that the designation of PowerPlan's Answers to Lucasys' Third Set of Interrogatories, including the answer to Interrogatory No. 20 as "Confidential" does anything to impact the alleged marketplace or damage Lucasys in any way.  If Lucasys felt differently it could have requested de-designation of this answer more than a year ago, when it was served.  Nevertheless, we de-designate PowerPlan's response to Interrogatory No. 20 so that it has no confidentiality designation.

Sincerely yours,

*Stephen M. Fazio*

Stephen M. Fazio

2