# EXHIBIT D



**JASON S. ALLOY**
DIRECT LINE:  678-701-9374
Email: jalloy@robbinsfirm.com

November 30, 2023

**VIA EMAIL AND U.S. MAIL**

Stephen Fazio, Esq.
Squire Patton Boggs (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH 44114
stephen.fazio@squirepb.com

Re:   *Lucasys*, *Inc. v. PowerPlan, Inc.*, No 1:20-cv-2987-AT

Dear Steve:

This responds to your letter dated October 21, 2023.  We disagree with the contentions you make in that letter regarding the facts or evidence in this case, and a further point-by-point discussion is unlikely to be productive.

It is important, however, to address a new point that you raise in the letter – that "Mr. Bertz was not part of Nelson Mullins' investigation or the agreed process, **and (as he was instructed) he did not testify as to information that was learned *via* the attorneys**." (bold added.)  While these contentions in your letter are reminiscent of an argument made in support of your motion for summary judgment that PowerPlan consulted with counsel, they are importantly in a new and very different context.  (*See* Docket 182-1 at 29  ("[B]efore filing the counterclaims PowerPlan consulted with legal counsel. . . ."); 193-1 at 11-14.).  Although, as you noted in your summary judgment reply brief, courts have generally held that asserting a *Noerr-Pennington* defense does not implicitly waive privilege, **Lucasys's claims** based on Mr. Bertz's **statements to customers and potential Lucasys customers** are not subject to PowerPlan's *Noerr-Pennington* defense.  Those claims do not involve petitioning the government or conduct in litigation, but rather they challenge the legality of (what were primarily) Mr. Bertz's actions on behalf of PowerPlan.

Now that it is clear that PowerPlan intends to argue at trial that Mr. Bertz's sworn deposition testimony is not accurate because his communications relied on "facts or evidence" that he learned in communications with attorneys at Nelson Mullins or in-house counsel, all such communications should have been produced in discovery.  In other words, your letter places any attorney-client communications that would purportedly change the meaning or implication of Mr. Bertz's (or any other witnesses' testimony) sworn deposition testimony squarely at issue in this case.  As you know, when a litigant makes arguments that put the substance of attorney-

Stephen Fazio, Esq.
Squire Patton Boggs (US) LLP
November 30, 2023
Page 2

client communications at issue in the case, the litigant implicitly waives the attorney-client privilege as to any previously privileged communications about the subject. *See*, *e.g.*, *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("[P]rivilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications.").

In light of the contentions made in your letter, we hereby demand that PowerPlan produce all attorney-client communications that were previously withheld as privileged related in any way to PowerPlan's communications with Lucasys customers or potential customers in 2019 or 2020, including the so-called "IP Protection" program that PowerPlan undertook in the Spring of 2020. If you refuse to do so, we intend to ask the Court for an order directing PowerPlan to turn such communications over to us or, in the alternative, to prohibit PowerPlan from making any arguments or reference to any purported involvement of attorneys as part of its defense in this case.

Please let us know by December 7, 2023 whether PowerPlan intends to produce the communications that it previously withheld on this subject.

Sincerely yours,

*Jason S. Alloy*

Jason S. Alloy

JSA/db

cc:     Joshua A. Mayes, Esq.